**Ruth M. COUCH, Appellant,**

v.

**Margaret Rose DONAHUE, Appellee.**

**No. 17111.**

United States Court of Appeals
Fifth Circuit.

Sept. 26, 1958.

Jack Crenshaw, Montgomery, Ala., for appellant.

Bibb Allen, James E. Clark, Birmingham, Ala., London, Yancey, Clark & Allen, Birmingham, Ala., of counsel, for appellee.

Before TUTTLE, BROWN and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

A reversal is sought in this appeal because of the trial court's instructions to the jury on the effect of a violation of a traffic ordinance. Alabama law controls the case.

■ Mrs. Ruth Couch sued Miss Margaret Donahue for damages for personal injuries she received when the defendant ran her automobile into the rear end of the automobile in which the plaintiff was riding. Mrs. Couch and her husband, who was driving their car, were traveling north on U. S. Highway 231, about ten miles north of Pell City, St. Clair County, Alabama. Donahue, driving her car, was following behind the Couch car. Suddenly, Couch saw a parked car in his path on the highway. He stopped in order to avoid a collision. Donahue applied her own brakes as soon as she saw the brake lights of the Couch car go on. She was unable to stop in time, and ran into the rear end of the Couch car. The impact was so great that Donahue's own car was completely demolished.

The question for the jury was whether the defendant, at the time of the accident, was following the Couch car more closely than was reasonable and prudent under Title 36, Section 15, of the Code of Alabama of 1940.

On this issue, the trial judge charged the jury as follows:

"Now, I am going to read you two statutes that you may find to be applicable in these cases. One of them concerns the statute of following too closely. The other concerns the statute of giving signals prior to stopping. The statute relating to following too closely reads as follows: 'The driver of a motor vehicle shall not follow another ve-

hicle more closely than is reasonable and prudent, having due regard to the speed of such vehicle and the traffic upon and the condition of the highway.' * * * If you find that the defendant or plaintiff violated one or both of those statutes, *then that does not in* and of itself mean that negligence or contributory *negligence is in the case."*

The plaintiff filed exceptions to the charge of the court. The jury rendered a verdict for the defendant. We hold that the charge was erroneous.

Appellant's position is that under the law of Alabama the violation of a statutory rule of the road is negligence per se; that the jury should have been instructed to that effect, and the only question for the jury was whether the defendant violated the ordinance and caused the injuries claimed. Appellee reads more into the Alabama cases than the appellant does. She argues that the ordinance on a vehicle following too closely sets up a flexible standard of care; that the violation of a traffic ordinance is negligence per se only if the ordinance imposes an absolute and specific standard of care, for example for jaywalking, failing to signal, or driving on the wrong side of the road. If, the argument continues, the ordinance sets up a flexible standard, then it is for the jury to determine whether, under the circumstances of the particular case, the party's conduct was negligent.

■ Appellee's argument would be more effective, if the collision had occurred in another state.[1] Under the Erie doctrine Alabama law must apply. Simpson v. Glenn, 1956, 264 Ala. 519, 88 So.2d 326, 327, has settled the question in Alabama. In the Simpson case the plaintiff's intestate was run down while jaywalking. A traffic ordinance made jaywalking unlawful. The issue in the case was whether the deceased, as a matter of law, was guilty of contributory negligence for violating the ordinance. The Supreme Court of Alabama, after pointing out the conflict in other jurisdictions, and in its own, said that "[t]he holding in the better reasoned Alabama cases is that violation of a traffic ordinance or rule of the road constitutes negligence per se and a person proximately injured thereby may recover for such injuries against the violator of the law * * * We are therefore of the conclusion that the cases cited first hereinabove [holding the violation to be negligence per se] correctly exposit the rule of law under consideration and that other cases which run contrary to that strong current of opinion are unsound and must be overruled". This language is general. It embraces all traffic ordinances, all rules of the road, whether the standard is flexible or absolute. The rule was reaffirmed in Murphree v. Campbell, 1957, 266 Ala. 501, 97 So.2d 892 in the same all-embracing language.

[3,■ Whether the Donahue car followed the Couch car "more closely than is reasonable and prudent" was a question for the jury. This standard is flexible and depends, as the statute says, on the circumstances: "having due regard to the speed of such vehicle and the traffic upon and condition of such high-

---

1. The appellee relies heavily on Mandro v. Vibbert, 4 Cir., 1948, 170 F.2d 540, 542, in which a similar Virginia statute was under consideration. There the court said, "And [the statute], dealing expressly with the distance to be maintained by the following driver, establishes a flexible standard of care. What is a 'reasonable and prudent' distance must, in each instance, depend upon the particular facts involved. Except when reasonable minds cannot differ, what distance was required to be maintained and whether that distance was in fact maintained are questions for the jury * * * Upon the facts of this case, we do not think that those questions should have been withdrawn from the jury." In at least one earlier decision the Alabama court in reference to a speed limit statute, said, "[t]he question is one ordinarily for the jury, and the speed limit is not a strict rule of law, but is flexible to yield to the circumstances of each case." McCaleb v. Reed, 1932, 225 Ala. 564, 1932, 144 So. 28, 29.

**328**

way." Once the jury determines that the defendant's car followed the other car too closely, in violation of the statute, the defendant's conduct is treated as negligence per se, under the law of Alabama. The trial judge's charge did not inform the jury that violation of a traffic ordinance is negligence per se in Alabama; it did not "gather the proper rules to be applied [by the jury] in arriving at decision". Keller v. Brooklyn Bus Corp., 2 Cir., 1942, 128 F.2d 510, 512.

The judgment is reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.