Jeraline Glanton, plaintiff below in a personal injury action, appeals from a jury verdict in favor of the defendant, Robert Huff. We reverse.
On September 14, 1978, at approximately 4:00 p.m., Mrs. Glanton was driving her automobile on the rain-slickened Ross Clark Circle in Dothan, Alabama. As she neared an intersection, she approached and stopped behind two cars which were stopped at a red light. While waiting for the light to change, Mrs. Glanton's 1975 Cadillac was struck from behind by an automobile driven by Robert Huff. At the time, Huff and his friend, Joe Sasser, were returning from a fishing trip at Lake Eufaula and were towing Huff's boat on a trailer. Although the impact was not great enough to cause extensive property damage to either automobile, it was sufficient to knock to her lap the wig Mrs. Glanton was wearing.
Several hours after the collision, Mrs. Glanton went to the hospital, complaining of neck and back pains. The attending physician at the hospital fitted Mrs. Glanton with a neck brace and prescribed medication for the pain. Six days later Mrs. Glanton was examined by Dr. McLeod. He arranged for her to be admitted to the hospital. While confined to the hospital, Mrs. Glanton was placed in traction, underwent physical therapy and was given medication to relax the muscles in her neck and back. Mrs. Glanton was released from the hospital ten days later, although she continued to receive physical therapy for an additional two months.
Mrs. Glanton sued Huff for the personal injuries she sustained in the accident. At trial, Dr. McLeod testified that she had suffered an "acute cervical strain" or "whiplash" which resulted in a partial permanent injury to her neck and back. Additional evidence was submitted as to the extent of treatment and amount of medical expenses incurred as a result of those treatments. Jeraline's husband, Herbert Glanton, testified that a part of the molding on the rear bumper of the Glanton automobile was displaced as a result of the collision and that the shock absorbers, upon which the rear bumper is mounted, were cracked.
On direct examination, Robert Huff testified in part as follows:
 Q. Robert, tell the jury, in your own words, what happened out there on the Circle that day.
 A. Well, it was raining. We had been fishing and coming home. We were slowing down at the red light and there were several cars in front of us, and as I got closer to her and started applying the brakes within ten or fifteen — whatever — the car started skidding and I applied the brakes harder and it slid into her and bumped her.
* * * * * *
 Q. How far were you from that intersection, or from those cars in front of *Page 13 
you when you first started applying your brakes — when you first put on brakes?
 A. Probably a quarter of a mile — started slowing down.
 Q. Did the brakes of the car slide, or slip in any way when you started applying the brakes?
A. No, they did not.
 Q. How far from Mrs. Glanton's car were you when your car started to slide?
A. Ten to fifteen feet.
Q. How fast were you travelling at that time?
A. Roughly ten miles an hour.
 Q. Do you have a judgment or opinion as to how far your car actually slid?
A. Probably seven or eight of the ten feet.
On cross examination Huff admitted that he knew that a greater stopping distance is required when towing a boat and that the stopping distance is increased when towing a boat on slippery roads. Contrary to Mrs. Glanton's contention that the automobiles collided with some considerable force, Huff described the impact as a "mild bump."
Charles Brannon, the Dothan Police Officer who investigated the accident, testified that he could detect no physical damage to either automobile. He also stated that he discovered dirt on the underside of both vehicles but that none of that dirt or other debris had fallen to the pavement below as a result of the collision.
Upon the conclusion of the trial, the jury returned a verdict in favor of the defendant. Mrs. Glanton appeals from the denial of her motion for new trial arguing here, as she did below, that the jury verdict was against the great weight of the evidence. We agree.
This Court has held that
 A motorist approaching an intersection is * * * required to have his vehicle under control so that he does not drive into the rear of a vehicle whose driver is obeying traffic signals by waiting for the red light to change.
Gribble v. Cox, 349 So.2d 1141, 1144 (Ala. 1977) (quoting 7A Am.Jur.2d, Automobiles and Highway Traffic, § 850). This statement of the law merely establishes the duty imposed upon Huff. It is clear from his own testimony that Huff breached this duty when he collided with Mrs. Glanton's automobile. It is also clear from the medical testimony presented at trial that Mrs. Glanton suffered injury in the accident. Although the jury was free to determined the extent of Mrs. Glanton's injuries, they were not free to ignore the fact that she was injured. Even viewing the evidence in a light most favorable to Huff, it is beyond dispute that Huff had a duty to operate his vehicle so that he would not collide with Mrs. Glanton's automobile, that he breached that duty when he rear-ended Mrs. Glanton's automobile, and that she suffered some injury as a result of that collision. Given such circumstances, we are compelled to conclude that the jury verdict for the defendant was contrary to the great weight of the evidence.
The denial of Mrs. Glanton's motion for new trial is therefore due to be reversed and the cause remanded for new trial.
REVERSED AND REMANDED.
FAULKNER, JONES, SHORES, EMBRY, BEATTY, and ADAMS, JJ., concur.
TORBERT, C.J., and MADDOX, J., dissent.