Plaintiff Glanton argues that the jury improperly found for the defendant; however, I do not agree. This Court may not reverse a jury verdict simply because the verdict does not conform to our view of the evidence. Locklear v. Nash, 275 Ala. 95, 152 So.2d 421 (1963). A jury verdict is presumed correct, and the presumption of correctness is strengthened where, as here, the trial court denied a motion for new trial.Trans-South-Rent-A-Car, Inc. v. Wein, 378 So.2d 725 (Ala. 1979); Guthrie v. McCauley, 376 So.2d 1373 (Ala. 1979). A jury verdict will not be set aside unless the *Page 14 
verdict is against the preponderance of the evidence and is manifestly wrong and unjust. Dixie Elec. Co. v. Maggio,294 Ala. 411, 318 So.2d 274 (1975). I cannot say the record reflects that the preponderance of the evidence is against the verdict, or that the verdict is wrong or unjust.
Plaintiff contends that the verdict is contrary to the dictate of Gribble v. Cox, 349 So.2d 1141 (Ala. 1977). InGribble we said:
 It has long been assumed by bench and bar in Alabama that one who drives his auto into the rear of another who is stopped in obedience to a traffic light is prima facie guilty of negligence. An extensive search for precedent to support this assumption fails to reveal authority precisely in point. The rule in this regard is well stated in 8 Am. Jur. 2d [Automobiles and Highway Traffic] at § 769 [1963], p. 329.
 "A motorist approaching an intersection is also required to have his vehicle under control so that he does not drive into the rear of a vehicle whose driver is obeying traffic signals by waiting for the red light to change."
We hold this to be the rule in Alabama.
Id. at 1144.
However, the rule that a driver is required to keep his vehicle under control is merely another formulation of the rule which charges the driver with the duty to use reasonable care in the operation of his vehicle. That an accident occurs does not automatically mean that the actor has failed to exercise due care. Cf., National Biscuit Co. v. Wilson, 256 Ala. 241,54 So.2d 492 (1951) (the mere skidding of an automobile on an icy street does not necessarily prove negligence on the part of the driver of the automobile). To construe Gribble as holding that a defendant is always negligent when he strikes the rear of a plaintiff's automobile that is lawfully stopped would require a summary judgment or directed verdict for plaintiff on the issue of liability where, as here, defendant admits the incident. Such a result usurps the jury's role as factfinder on the question of defendant's due care, or, for that matter, on the issue of plaintiff's damage.
Whether a party has exercised reasonable care is generally a question of fact. Tennessee Coal, Iron R.R. Co. v. Spicer,206 Ala. 141, 89 So. 293 (1921). Here, the jury was instructed on the proof necessary to sustain a cause in negligence and negligence per se, and the jury was apprised of pertinent rules of the road. Additionally, the jury was given the Gribble
charge as follows:
[I]t is a rule of law in Alabama:
 "That a motorist approaching an intersection is also required to have his vehicle under control so that he does not drive into the rear of a vehicle whose driver is obeying traffic signals by waiting for the red light to change; therefore, one who drives his automobile into the rear of another vehicle who is stopped in obedience to a traffic light is prima facie guilty" — and prima facie is just a legal term, but it means presumed to be guilty of negligence.
Plaintiff failed to object to any of the charges, and I would hold that she cannot now question the jury's resolution of questions of fact by asserting defendant was prima facie negligent.
MADDOX, J., concurs.