SHORES, Justice.
The only issue presented in this appeal is whether the trial judge erred in granting the plaintiffs’ motion for new trial after a jury verdict in favor of the defendant. We hold that he did not and affirm.
Calvin and Mary Lou Hanson were travelling north on U.S. 280 on Labor Day, 1979, at about 5:00 p.m. It was raining hard. As Mr. Hanson crested Double Oak Mountain, he saw ten or twelve cars backed up because of an accident ahead. He stopped about two car lengths beyond the last car. Mr. Clinton was also driving north on U.S. 280. He testified that he had been following the Hansons’ van for some time, following its tail lights because of the hard rain. He lost sight of the van when it *49 crested the hill, but picked it up again as he came over the hill. He did not realize the van was stopped at first, and when he did, he applied his brakes, but could not stop. He collided with the Hansons’ van because his car skidded in the rain. The impact knocked the van forward about a car length or more, but the van did not hit the car in front of it.
Mr. Hanson had a hard grip on the steering wheel, and the impact caused the steering wheel to break. He suffered injuries to his arms and shoulders. His wife’s head hit the top of the van. She later suffered from pain in her neck and shoulders.
Both vehicles were damaged — the front end of Mr. Clinton’s car was damaged, and the van’s back end was damaged, but both could be driven. Each driver stayed in his vehicle until the investigating officer arrived. He directed each to turn around and go south on U.S. 280 to a place where they could pull off the road. Thereafter, Mr. Hanson drove to the Brookwood Hospital emergency room. He was examined and X-rayed. He lost four days from work and had his arm in a sling for several days. His wife incurred $1,800 in expenses for the treatment of her neck and shoulders.
The Hansons sued Mr. Clinton, seeking damages for their personal injuries and property damage. The complaint charged him with negligence and wantonness. At the close of the evidence, the trial judge directed a verdict for the defendant on the wantonness count and submitted the case to the jury on the negligence count. He submitted two written interrogatories to the jury: (1) Do you find that the defendant was negligent? and (2) Do you find that the plaintiff Calvin M. Hanson, was contributo-rily negligent? The jury answered both in the negative and returned a verdict for the defendant.
The plaintiffs filed a motion for new trial, containing some twenty-nine grounds. The trial court held a hearing on the motion and subsequently entered the following order:
“After painstaking consideration of the Plaintiff’s motion for new trial, including listening to tapes of the trial, it is the considered opinion of this Court, which heard the'case, that justice requires that the motion be granted.
“Wherefore, Plaintiff’s motion for a new trial is hereby granted, the judgment previously entered is hereby set aside, and the case is ORDERED restored to the jury docket.
“DONE and ORDERED this 26th day of October, 1982.”
A trial court’s order granting a new trial will not be reversed unless the evidence plainly and palpably supports the verdict. Cobb v. Malone, 92 Ala. 630, 9 So. 738 (1891).
We are mindful, as the appellant points out, that jury verdicts are presumed to be correct, but this rule does not override the equally old rule that allows a trial court to grant a new trial if justice requires in cases where the verdict is wholly wrong.
The facts in this case are strikingly similar to those involved in Glanton v. Huff, 404 So.2d 11 (Ala.1981). In that case, the defendant’s ear slid into the plaintiff’s car, which was stopped at a red light. It was raining and, as the defendant applied his brakes, it “started skidding and I applied the brakes harder and it slid into her.... ” On those facts, the jury returned a verdict for the defendant. The plaintiff appealed from an order denying her motion for new trial. We reversed, saying the trial court erred in refusing a new trial because the jury verdict was against the great weight of the evidence. The holding in Glanton, which is indistinguishable from the case before us, compels us to affirm the trial court’s order granting a new trial. See, also, Gribble v. Cox, 349 So.2d 1141 (Ala. 1977).
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.