The plaintiff in a personal injury action appeals from a judgment of the trial court denying her motion for new trial after a jury returned a verdict in favor of the defendant. We affirm.
On December 23, 1982, Carol Pacheco (plaintiff) was stopped in her automobile at an intersection in the City of Birmingham when Sally Paulson (defendant) bumped her automobile into plaintiff's rear bumper. Both women inspected the automobiles, and Ms. Paulson noted a small dent in Ms. Pacheco's bumper. Their testimony differed on the size of the dent, Ms. Pacheco describing it as about the size of her hand, and Ms. Paulson describing it as about the size of her thumb. A policeman was called, but did not write an accident report because city policy was not to write a report if the damage was less than $200. The bumper was later replaced for $190.00. Although there was a conflict in the evidence as to whether Ms. Pacheco told both Ms. Paulson and the policeman that she was not hurt, both women drove their cars home. The plaintiff's teenaged daughter was in the passenger seat of her mother's car and was not hurt.
Ms. Pacheco testified that she began to experience pain in her neck later on that night and went to an emergency center, where she was X-rayed, placed in a cervical collar, and given medication for pain. She testified that she was unable to work for four weeks and that she consulted an orthopedic specialist three weeks after the accident because she continued to experience pain. This physician X-rayed Ms. Pacheco and sent her to physical therapy. Although he found no objective explanation for the pain, based upon the history that the patient gave him, his opinion was that it was a result of cervical strain.
Ms. Pacheco returned to work after four weeks, on January 24, 1983. Thereafter, in August 1983, a bone scan and CAT scan were performed on her, both of which were normal. Suit was filed on September 30, 1983. Thereafter, in March 1984, Ms. Pacheco enrolled in a pain management center, where she was treated by a clinical psychologist. No physical basis for her pain was ever found.
These facts were largely undisputed. What was disputed, and strenuously, was whether the pain and suffering were psychological and, if not, whether they were the result of the accident.
The only issue before us is the propriety of the trial court's order denying the plaintiff's motion for a new trial. The determination of the propriety of that order turns on whether the issue of proximate cause was one for the jury under these facts. The defendant did not deny that she bumped into the plaintiff's automobile. She concedes that, under Alabama law, she had a duty, on approaching an intersection, to have her automobile under control so as not to bump into another automobile. Gribble v. Cox, 349 So.2d 1141 (Ala. 1977). It is precisely this case which the plaintiff contends requires the trial court to order a new trial. The plaintiff is correct in saying that Gribble reversed a trial court order refusing to grant a new trial in a rear-end collision case. However, significantly, in that case, the Court expressly said:
 "[W]e hold it was error to deny the Gribbles' motion for new trial on the basis that the verdict of the jury was sustainable regarding the liability of defendants to the Gribbles."
349 So.2d at 1144.
Although it is true that the defendants in Gribble argued that the plaintiffs did not suffer injury as a result of the accident, just as the defendant here argues that this plaintiff suffered no injury as a *Page 982 
result of this accident, in that case, unlike this one, the plaintiffs offered expert evidence to the effect that the accident was the cause of the injuries complained of. Here, there is no direct evidence that the accident caused the injury. This is not to say that there was no evidence from which the jury could have found that the accident was the proximate cause of the alleged injury, but simply to point out that the question of proximate cause of the alleged injury was one for the jury.
The trial court recognized that a jury issue was presented on the issue of proximate cause by denying the defendant's motion for directed verdict, and submitted the case to the jury on a correct charge as to the law applicable to the case. The jury could have, under the evidence, returned a verdict in favor of the plaintiff; that is to say, under the evidence, the jury could have believed the plaintiff's version of the case, including her claim that she suffered pain and discomfort for more than a year following the accident, and that the pain and discomfort resulted from the accident. However, the jury was also free, under the evidence, to believe that, although the defendant was negligent in bumping into the plaintiff's automobile, that negligence did not cause injury to the plaintiff or, alternatively, that any subsequent pain and suffering which the plaintiff experienced were not the proximate result of the defendant's negligence. We have no way of knowing which version the jury believed. But, as we have said, the only question before us is whether the trial court abused its discretion in refusing to grant the plaintiff another trial on the ground that the verdict was against the weight and preponderance of the evidence. We hold that it did not.
We have carefully examined recent decisions from this Court involving rear-end collisions. In Glanton v. Huff, 404 So.2d 11
(Ala. 1981), this Court reversed a trial court order which denied the plaintiff's motion for new trial. Not surprisingly, the plaintiff/appellant here contends that Glanton requires a reversal. However, in that case, there was direct evidence that the negligence of the defendant caused the plaintiff's injury. The Court said:
 "It is clear from his own testimony that Huff [defendant] breached this duty when he collided with Mrs. Glanton's automobile. [In this respect, the case is indistinguishable from the one before us.] It is also clear from the medical testimony presented at trial that Mrs. Glanton suffered injury in the accident. [In contrast, the evidence was conflicting in this regard in the case at hand.] Although the jury was free to determine the extent [emphasis in original] of Mrs. Glanton's injuries, they were not free to ignore the fact that she was injured. Even viewing the evidence in a light most favorable to Huff, it is beyond dispute that Huff had a duty to operate his vehicle so that he would not collide with Mrs. Glanton's automobile, that he breached that duty when he rear-ended Mrs. Glanton's automobile, and that she suffered some injury as a result of that collision. [Emphasis supplied.] Given such circumstances, we are compelled to conclude that the jury verdict for the defendant was contrary to the great weight of the evidence."
404 So.2d at 13.
Again, this case is distinguishable in that there was a conflict in the evidence as to whether the pain suffered by the plaintiff, if the jury believed she suffered any, was caused by the defendant's negligence. Therefore, whether to grant a new trial was a matter for the trial court's discretion. Our sole role is to determine whether that discretion was abused. We hold that it was not. That is not to say that, had the trial court granted the plaintiff's motion for new trial, it would have abused its discretion. In Clinton v. Hanson, 435 So.2d 48
(Ala. 1983), this Court did affirm a trial court order granting a plaintiff a new trial in a rear-end case. In that case, the jury specifically found that the defendant was not negligent. That verdict was found by the trial court to be unjust under those facts, where, under the applicable law, the defendant was negligent in the operation of his automobile when he ran into the plaintiff's *Page 983 
stopped van. Likewise, there it was uncontroverted that the accident resulted in injury to the plaintiff.
It is true, as Justice Almon said, speaking for the Court inGlanton v. Huff, supra, that a jury is free to determine the extent of a plaintiff's injuries, but not free to ignore the fact that she was injured, so long as there is no dispute in the evidence as to the fact of injury or not, or, alternatively, where there is no dispute as to the cause of the injury, which was the situation in Glanton. However, where there is a factual dispute as to whether there was injury or whether, if so, it was proximately caused by the acts of the defendant, it is peculiarly within the province of the jury to resolve those conflicts. In this case, the jury resolved those disputed facts in favor of the defendant. We hold that the trial court did not abuse its discretion in refusing to grant the plaintiff a new trial.
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.