ROBERTSON, Presiding Judge.
This case arises from a car accident involving the plaintiff, Odelle Carver, and the defendant, Marjean Walden. Following a jury trial, a verdict was returned awarding Carver $500 in damages. Carver then filed a motion for a new trial on grounds that *427 the verdict of the jury was insufficient, contrary to the law in the case, inconsistent, and that the verdict failed to do justice between the parties. The motion for a new trial was denied; hence this appeal.
The accident occurred on October 8, 1987, on Highway 31 in Hoover, Alabama. Carver was a passenger in the car driven by her daughter, Vicki Myers, and Walden was the driver of the other car. Carver sustained injuries including a fracture in the middle third of the right fourth metacarpal, a bruise on her head, and a commi-nuted fracture of the left heel bone. Testimony of a Dr. Compton was taken at trial. He testified that Carver initially visited him on October 13, 1987. He has seen her for several visits, and her last appointment was in August 1988. Dr. Compton’s bill for his treatment of Carver totaled $1,005. The amount of this medical bill was undisputed.
Carver contends that the trial court abused its discretion in denying her motion for a new trial. She argues that the verdict is against the weight and preponderance of the evidence in that testimony revealed that she was totally disabled for two months, and that she suffered pain and had some permanent impairment as a result of the accident.
We first note that jury verdicts are presumed to be correct in Alabama, and this presumption is further strengthened by the trial court’s denial of a motion for new trial. Ashbee v. Brock, 510 So.2d 214 (Ala.1987). Whether a trial court grants or denies a motion for new trial is a decision committed to its sound discretion, and this court will not reverse on appeal absent a showing of an abuse of that discretion. Franklin v. Cannon, 565 So.2d 119 (Ala.1990).
However, this court found that “where liability is proven, the verdict must include an amount at least as high as the uncon-tradicted special damages, as well as an amount sufficient to make any compensation for pain and suffering.” Nemec v. Harris, 536 So.2d 93, 94 (Ala.Civ.App.1988) (emphasis in original).
In the instant case, the $1,005 representing medical bills is undisputed; however, during the deliberations the jury posed the question of whether Carver had insurance to cover the initial medical expenses and damages. The trial judge instructed the jury that such a question was not an issue in the case, and it should not be considered. We note that the jury had before it during deliberations a copy of an exhibit detailing Carver’s medical bill. Included in the bill were credit entries paid by her insurance company. The record revealed that Carver’s balance on her medical bill was $217. The fact that Carver’s insurance company paid for a substantial portion of the bill is irrelevant. Denton v. Foley Athletic Club, 578 So.2d 1317 (Ala.Civ.App.1990), cert. denied, 578 So.2d 1319 (Ala.1991). The amount of the damages recoverable by Carver should not be diminished by the fact that she has been partially indemnified for her loss by her insured. Id.
The jury found that Carver did prove her cause of action against Walden. The medical bills in the amount of $1,005 were undisputed. Therefore, we hold that Carver is entitled to recover at least that amount as well as compensation for her pain and suffering. Nemec.
We find that the trial court abused its discretion in failing to grant Carver’s motion for a new trial; therefore, this case is due to be reversed and remanded for further proceedings.
REVERSED AND REMANDED WITH DIRECTIONS.
THIGPEN, J., concurs.
RUSSELL, J., dissents.