The plaintiff, Frank J. Senn, appeals from a judgment entered on a jury's verdict in favor of the defendants, Alabama Gas Corporation a/k/a Alabama Gas Company ("Alabama Gas") and its employee Jeffrey L. Sizemore. We affirm.
Senn, a firefighter and paramedic with the City of Montgomery, was injured on November 22, 1989, when the fire medic truck in which he was a passenger was struck from the rear by an Alabama Gas utility truck being driven by Sizemore. The collision occurred under rainy conditions; the point of impact was on a downhill slope, in a 30-mile-per-hour maximum speed zone. Sizemore, whose truck was towing a lightly loaded utility trailer, had been following the fire medic truck for approximately two blocks. Just before the collision, Sizemore was traveling between 20 and 30 miles per hour and was "at least two car lengths" behind the fire medic truck when he noticed that the driver of the fire medic truck had applied and then released his brakes. Sizemore quickly responded by applying and then releasing his own brakes. Almost immediately thereafter the driver of the fire medic truck again applied his brakes and came to an abrupt stop in order to avoid colliding with the rear-end of a vehicle that had suddenly stopped in front of him. In the process of maneuvering out of the way of the vehicle in front of him, the driver of the fire medic truck ran onto the curb and then back into the street. Recognizing that he, too, had to stop, Sizemore "slammed" on his brakes. Sizemore was unable to stop, however, and his truck skidded into the rear of the fire medic truck. Senn, who was wearing a seat belt at the time of the collision, suffered a broken rib and a head injury.
Senn sued Sizemore, alleging that he had negligently or wantonly caused the accident by driving his truck too fast and by driving too close to the fire medic truck; he sued Alabama Gas, seeking to impose liability on it under the doctrine of respondeat superior. Alabama Gas conceded that Sizemore was working within the line and scope of his employment at the time of the accident and, therefore, that it would be liable if Sizemore was found to be liable. Senn sought to recover punitive damages in connection with the wantonness claim. The trial court directed a verdict for Sizemore *Page 1322 
and Alabama Gas on Senn's wantonness claim. The negligence claim was submitted to a jury, which found for Sizemore and Alabama Gas. Senn filed a post-trial motion seeking a judgment notwithstanding the verdict on the liability aspect of his negligence claim, and a new trial on the damages aspect of his negligence claim. In the alternative, he sought a new trial on both the liability and the damages aspects of his negligence claim. The trial court denied that motion, and Senn appealed.
The following issues are presented for our review:
 1) Whether the trial court erred in refusing to enter a judgment for Senn as a matter of law on the liability aspect of his negligence claim;
 2) Whether the trial court erred in refusing to grant Senn a new trial on the ground that the verdict was against the weight or preponderance of the evidence;
 3) Whether the trial court erred in directing a verdict for Sizemore and Alabama Gas on Senn's wantonness claim; and
 4) Whether the trial court erred in refusing Senn's requested jury charges on the collateral source rule.
Senn argues in connection with the first two issues that the evidence presented no genuine issue of material fact with respect to Sizemore's liability, and, consequently, no such issue with respect to liability on the part of Alabama Gas. Senn maintains that Sizemore, knowing that the road was wet and slick and that he was towing a utility trailer on a downhill slope, violated two well-established rules of the road by driving too fast, in violation of Ala. Code 1975, § 32-5A-170
("Reasonable and prudent speed"), and by driving too close to the fire medic truck, in violation of Ala. Code 1975, § 32-5A-89
("Following too closely"). Senn also contends that Sizemore clearly violated an ordinance of the City of Montgomery, § 25-97(a), Montgomery City Code (1980), which prohibits a driver from operating his vehicle in such a careless or negligent manner as to cause or permit it to collide with another vehicle. In the alternative, Senn argues that he was at least entitled to a new trial on his negligence claim because, he says, the jury's verdict was against the weight or preponderance of the evidence.
Section 32-5A-170 provides:
 "No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions."
Section 32-5A-89 states in pertinent part:
 "(a) The driver of a motor vehicle shall not follow another more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway. Except when overtaking and passing another vehicle, the driver of a vehicle shall leave a distance of at least 20 feet for each 10 miles per hour of speed between the vehicle that he is driving and the vehicle that he is following."
Both of these sections, as well as the city ordinance relied on by Senn, essentially codified the common law requiring a person to exercise reasonable care in operating a motor vehicle. Whether a person involved in an accident acted reasonably in operating his motor vehicle depends on all of the circumstances surrounding the accident; the question is ordinarily one for the jury. See Wayland Distributing Co. v. Gay, 287 Ala. 446,252 So.2d 414 (1971); Horton v. Mobile Cab Baggage Co.,281 Ala. 35, 198 So.2d 619 (1967) (both cases involving the construction of Title 36, § 5, Code of Ala. 1940, the predecessor to § 32-5A-170); see, also, Couch v. Donahue,259 F.2d 325 (5th Cir. 1958) (construing Title 36, § 15, the predecessor to § 32-5A-89). These cases decided under prior Alabama law merely reflect the well-settled rule that *Page 1323 
questions of negligence are for the jury where reasonable people could draw different inferences from the evidence. See, e.g., Tennessee Coal, Iron R.R. Co. v. Spicer, 206 Ala. 141,89 So. 293 (1921).
It is equally well settled that a jury verdict is presumed correct and that the presumption of correctness is strengthened where, as here, the trial court denied a motion for a new trial. We are not at liberty to vacate a jury's verdict merely because it does not conform to our personal views of the evidence. Locklear v. Nash, 275 Ala. 95, 152 So.2d 421 (1963). A decision of the trial court denying a new trial on the ground that the verdict is contrary to the weight or preponderance of the evidence will not be reversed unless, after allowing all reasonable presumptions as to the verdict's correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the appellate court that it is wrong and unjust. A ruling on a motion for a new trial is within the sound discretion of the trial court and should not be disturbed on appeal unless some legal right was abused and the record plainly and palpably shows that the trial court erred.Trans-South-Rent-A-Car, Inc. v. Wein, 378 So.2d 725 (Ala. 1979).
After carefully reviewing the record, we hold that the negligence claim was properly submitted to the jury. Furthermore, we cannot say that the verdict was against the weight or preponderance of the evidence. The evidence showed that Sizemore was not exceeding the speed limit at the time of the collision. The evidence also showed that the utility trailer Sizemore was towing was not heavily loaded and that Sizemore was traveling "at least two car lengths" behind the fire medic truck when it suddenly stopped. The jury heard all of the evidence pertaining to the weather conditions; the condition of the road; the relative speed at which both vehicles were traveling; and the distance between Sizemore's truck and the fire medic truck. The jury was instructed on the proof necessary to sustain a negligence claim, and it was apprised of the pertinent rules of the road. Simply put, the evidence presented a jury question as to whether Sizemore was negligently operating his truck, and the jury resolved that question in favor of Sizemore and Alabama Gas.
We note Senn's reliance on Glanton v. Huff, 404 So.2d 11
(Ala. 1981); and Gribble v. Cox, 349 So.2d 1141 (Ala. 1977). Those cases, however, are not controlling here. The facts surrounding the collision in Gribble were not reported in detail. This Court did note in that case, however, that the defendants failed to present any evidence tending to show that Cox, the defendant driver, had an "excuse" for allowing his vehicle to strike the Gribbles' vehicle from behind as it sat motionless at an intersection. This Court was justified, therefore, in holding that the verdict for the defendants in that case was due to be set aside on the ground that it was against the weight or preponderance of the evidence. InGlanton, the defendant's vehicle also struck the plaintiff's vehicle from behind as it sat motionless at an intersection. The evidence showed that it was raining at the time of that collision and that the plaintiff, who was towing a trailer carrying a fishing boat, saw the plaintiff stopped a quarter of a mile ahead of him, but nonetheless failed to slow his vehicle sufficiently so as to prevent it from ultimately skidding into the rear of the plaintiff's vehicle. In a split decision, this Court held that the verdict for the defendant was against the weight or preponderance of the evidence and remanded the case for a new trial. Common to both Gribble and Glanton was the occurrence of a rear-end collision under circumstances exhibiting a clear lack of reasonable care on the part of a defendant while approaching an intersection at which the plaintiff's vehicle was stopped. The evidence in the present case, however, shows that the driver of the fire medic truck and, consequently, Sizemore were taken by surprise at the suddenness at which they were forced to stop their vehicles. This evidence, in conjunction with the evidence establishing that Sizemore was not exceeding the legal speed limit and that he was following "at least two car lengths" behind the fire medic truck, provided the basis for a finding that this accident occurred *Page 1324 
notwithstanding the exercise of due care. This Court has held that "[evidence] of an unfortunate result does not in and of itself raise an inference of negligence." Horton v. Mobile Cab Baggage Co., 281 Ala. at 42, 198 So.2d at 625. In Horton, this Court noted:
 "A showing of an unfortunate result does not in and of itself raise an inference of negligence. Watterson v. Conwell, 258 Ala. 180, 61 So.2d 690. The burden was upon the plaintiff, if he is to recover, to establish negligence to the reasonable satisfaction of the trier of fact. Under all the evidence it was within the province of the jury to find that injury to the plaintiff, if any, was the result of an unavoidable accident, in which case there would be no liability on the part of the defendant. See Johnson v. Louisville and Nashville R.R. Co., 240 Ala. 219, 198 So. 350."
See, also, National Biscuit Co. v. Wilson, 256 Ala. 241,54 So.2d 492 (1951) (the mere skidding of an automobile on an icy street does not necessarily prove negligence on the part of the driver of the automobile). As Chief Justice Torbert suggested in his dissent in Glanton, to hold that a defendant is always negligent just because he struck the rear of the plaintiff's vehicle would require a summary judgment or a directed verdict for the plaintiff on the issue of liability where, as here, the defendant admits the incident. Such a result would surely usurp the jury's role as fact-finder on the question of the defendant's due care where different inferences could be drawn from the evidence. The trial court recognized this in its order denying Senn's post-trial motion.
With respect to the third issue — whether the trial court erred in directing a verdict for Sizemore and Alabama Gas on Senn's wantonness claim — suffice it to say that the evidence, even viewed in a light most favorable to Senn, under our standard for reviewing directed verdicts, see Springer v.Jefferson County, 595 So.2d 1381 (Ala. 1992), was not sufficient to create a fact question for the jury. The accident made the basis of this case occurred on November 22, 1989; therefore, the applicable standard for reviewing the directed verdict on Senn's claim for compensatory damages under his wantonness count is the "substantial evidence rule." See Ala. Code 1975, § 12-21-12. Therefore, the directed verdict on this aspect of Senn's wantonness claim was proper unless there was substantial evidence that Sizemore was operating his truck in a wanton manner at the time of the collision. Wanton conduct involves the conscious doing of some act or the conscious omission of some duty with knowledge of the existing conditions and while conscious that from the doing of that act or by the omission of that duty injury will likely or probably result. Before a person can be said to be guilty of wanton conduct, it must be shown that with reckless indifference to the consequences he consciously and intentionally did some wrongful act or omitted some known duty and that the act or omission produced the injury. Hamer v. Nelson, 516 So.2d 1381 (Ala. 1987).
The directed verdict on Senn's claim for punitive damages under his wantonness count is, however, governed by the "clear and convincing evidence" standard. Ala. Code 1975, § 6-11-20; see Berry v. Fife, 590 So.2d 884 (Ala. 1991). Thus, even if there was "substantial evidence" of wantonness on the part of Sizemore, the directed verdict with respect to Senn's claim for punitive damages was nonetheless proper unless there was "clear and convincing evidence" that Sizemore had consciously or deliberately engaged in "wantonness" ("[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others"), § 6-11-20(a).
The evidence in the present case was obviously not sufficient to convince the jury that Sizemore was even negligent in the operation of his truck at the time of the accident. The undisputed evidence showed that Sizemore was not exceeding the legal speed limit or "tailgating" prior to the accident. After carefully reviewing the record, we conclude that the evidence would not support an inference by the jury that Sizemore was wantonly operating his truck at the time of the collision. *Page 1325 
Finally, we conclude that the trial court did not err in refusing Senn's requested jury charges on the collateral source rule. Senn argues that the jury should have been instructed that he could recover damages for his medical expenses even if those expenses had been paid by a collateral source. However, the collateral source rule, insofar as it allowed recovery against a tort-feasor of medical expenses paid by a collateral source, was abrogated by Ala. Code 1975, § 12-21-45. That section provides:
 "(a) In all civil actions where damages for any medical or hospital expenses are claimed and are legally recoverable for personal injury or death, evidence that the plaintiff's medical or hospital expenses have been or will be paid or reimbursed shall be admissible as competent evidence. In such actions upon admission of evidence respecting reimbursement or payment of medical or hospital expenses, the plaintiff shall be entitled to introduce evidence of the cost of obtaining reimbursement or payment of medical or hospital expenses.
 "(b) In such civil actions, information respecting such reimbursement or payment obtained or such reimbursement or payment which may be obtained by the plaintiff for medical or hospital expenses shall be subject to discovery.
 "(c) Upon proof by the plaintiff to the court that the plaintiff is obligated to repay the medical or hospital expenses which have been or will be paid or reimbursed, evidence relating to such reimbursement or payment shall be admissible.
 "(d) This section shall not apply to any civil action pending on June 11, 1987."
Because Senn's requested jury charges were erroneous as a matter of law, they were properly refused.
We note that the writ in Ex parte Brooks, [Ms. 1911577, August 21, 1992], was denied by this Court without an opinion. Our denial of the writ should not be understood as an affirmance or ratification of the holding of the Court of Civil Appeals in that case (i.e., that § 12-21-45 is somehow irrelevant or inapplicable in civil cases where damages for medical expenses are claimed, see Carver v. Walden,602 So.2d 426 (Ala.Civ.App. 1992)). To the extent that the decision of the Court of Civil Appeals in Carver is inconsistent with our holding today, it is hereby overruled.
For the foregoing reasons, the judgment is affirmed.
AFFIRMED.
MADDOX, SHORES, ADAMS, STEAGALL and INGRAM, JJ., concur.
HORNSBY, C.J., concurs specially.