HOUSTON, Justice
(dissenting).
I would reverse the judgment and remand this case for the Court of Civil Appeals to remand with instructions that the trial court reinstate the original verdict of $5,000. Ms. Dearman introduced into evidence medical bills totaling $18,577.35. As to these bills, there was evidence only that Dr. Ikard’s $6,267.85 bill for medical services was reasonable and necessary. On cross-examination, Ms. Dearman testified that her insurance company had paid 80% of her medical bills. During closing argument, counsel for AMF Bowling argued to the jury, without objection, that if the jury found AMF Bowling liable, then the jury was not required to award Ms. Dearman the entire $18,000+ in medical expenses, because most of those bills had been paid by insurance. The jury returned a verdict of $5,000, which was approximately $1,300 more than 20% of her medical expenses would have been. This case was tried in January 1995, when Senn v. Alabama Gas Corp., 619 So.2d 1320 (Ala.1993), was the law. Under Senn, a defendant could introduce evidence showing that a plaintiffs medical bills had been paid by insurance (Ala.Code 1975, § 12-21 — 15); and, if it did, then the jury could find for the plaintiff and award an amount less than the total medical expenses. This is what happened in this case. Ms. Dearman did not challenge the constitutionality of § 12-21 — 15. The jury returned a verdict of $5,000. At that time, that was a legal verdict; it was in accord with statutory law (§ 12-21-45) and case law (Senn v. Alabama Gas Corp., supra) and the law of the case (Blumberg v. Touche Ross & Co., 514 So.2d 922 (Ala.1987)).
I dissented in American Legion Post Number 57 v. Leakey, 681 So.2d 1337 (Ala. 1996). I believe that the majority of this Court violated the constitutional command of separation of powers (Constitution of Alabama of 1901, § 43) when it declared § 12-21 — 15 (a duly enacted statute) unconstitutional. I know that the Constitution is the trump card in American and Alabama law; however, even the judiciary must use that trump card constitutionally. In Marbury v. Madison, 5 U.S. (1 Cranch) 137, 179-80, 2 L.Ed. 60 (1803), the very case that gave the judiciary the power to use the Constitution to declare acts of a legislative body unconstitutional, Chief Justice Marshall wrote:
“[Fjramers of the constitution contemplated that instrument as a rule for the government of courts, as well as of the legislature.”