THOMAS, Judge.
On the night of December 6, 2007, an automobile driven by Valerie A. Taylor, now known as Valerie Backus," collided with an automobile driven by Lindsey V. Wheeler, now known as Lindsey Woodard. Lindsey and Valerie were injured. On December 2, 2009, Lindsey filed in the St. Clair Circuit Court a complaint against Valerie and against Lindsey’s uninsured-motorist carrier in which Lindsey requested an award of damages resulting from, she alleged, Valerie’s negligent, wanton, reckless, and willful conduct. Lindsey requested a jury trial. Valerie filed an answer in which she asserted that the accident had resulted from her inability to respond to a sudden emergency.
A jury trial was held.[1] On February 9, 2016, the jury returned a verdict in favor of Valerie, and, that same day, the circuit court entered a judgment on the verdict. On February 15, 2016, Lindsey filed a postjudgment motion, seeking a new trial. After a postjudgment hearing, the circuit court entered an order (“the postjudgment order”) determining, among other things, that Lindsey had waived the right to complain" about any alleged confusion caused by a jury instruction regarding the sudden-emergency doctrine. The post-judgment order reads, in pertinent part:
“[Lindseyj’s last ground is that the jury’s verdict-was against, and inconsistent with, the great weight of the evidence-presented at trial. [Valerie] counters that ‘there, was more than enough “evidence which if believed justified the verdict” in this case.’ A review of the transcript of [Valeriej’s trial testimony ... shows the following:
“(i) the accident made the basis of this lawsuit was a rear-end collision ...;
“(ii) [Valeriej’s vehicle struck [Lind-seyj’s vehicle from the rear ...[;]
“(in) [Valerie] saw [Lindseyj’s brake . lights but was unable to stop in ' time or avoid the accident ...;
“(iv) [Lindseyj’s memory of the accident was not entirely clear . ..;
“(v) [Lindsey] did not stop in- emergency fashion ...; and
“(vi) [Valerie] testified as follows:
‘“Q. But you can see, and you would agree that [the accident] is your fault?
“[‘]A. I hit her, yes sir.
“[‘]Q. Okay. Did [Lindsey] do anything wrong?
“[‘]A. No sir.’
“In reviewing the Transcript, the only evidence to support a finding of a sudden emergency was the following testimony elicited from [Valerie] by her counsel on redirect examination:
“‘Q-. When [Lindsey’s attorney] was taking your deposition he asked.you do you remember seeing [Lindsey] in front of you and you said I do, she stopped suddenly, and I hit her. Is that what happened?
“[‘]A. Yes sir. ’
“[‘]Q. Okay. She Stopped suddenly, and you couldn’t?
“[‘]A. Yes sir.’
[[Image here]]
“This Court .is aware that jury verdicts are presumed to be correct and that a motion for new trial on the ground that a verdict is against the *525 weight of the evidence should be carefully scrutinized.... However, the rule that jury verdicts are presumed to be correct does not override the rule that allows a trial court to grant a new trial if justice requires in cases where the verdict is wholly wrong. Clinton v. Hanson, 435 So.2d 48 (Ala. 1983). See also Glanton v. Huff[,] 404 So.2d 11 (Ala. 1981), and Gribble v. Cox, 349 So.2d 1141 (Ala. 1977). Clinton, Glanton and Gribble all involved rear-end collisions.
[[Image here]]
“Based upon the filings, the arguments of counsel, a review of-the transcript of the trial testimony of [Valerie], and the application of the foregoing, this Court is of the opinion that the verdict rendered herein was against the weight and preponderance of the evidence and, therefore, [Lindsey]’s Motion for [a new trial] is due to be granted. Accordingly, it is hereby ORDERED as follows: .
“1. [Lindsey]’s Motion for New Trial is hereby GRANTED.”
' Valerie filed a timely notice of appeal to this court on June 10, 2016. Wé transferred the appeal to our supreme court for lack of subject-matter jurisdiction; the appeal was transferred back;to this court pursuant to § 12-2-7(6), Ala. Code 1975. Valerie seeks our review, of whether the circuit court erred by granting Lindsey’s motion for- a new trial. ,
A trial court may grant a new trial when it “believes that justice demands that a new trial be granted on the weight and preponderance ground.” Jawad v. Grariade, 497 So.2d 471, 477 (Ala. 1986).
“In the landmark case Jawad v. Granade, 497 So.2d 471 (Ala. 1986), this Court established the standard of review it would apply in cases where a party appeals from an- order granting a motion for a new trial on the basis that the jury’s verdict-was ‘against the great weight or preponderance of the evidence’: ...
'“‘[A]n order granting a motion for neW trial oh the sole ground that the verdict is against the great weight or preponderance of the evidence will be reversed for abuse of discretion where on review it is easily; perceivable from the record that the jury verdict is supported by the evidence.’'
“Id. at 477.”
Scott v. Farnell, 775 So.2d 789, 791 (Ala. 2000).
Before the jury entered the courtroom, Lindsey’s attorney informed the circuit court that he neither intended to present any arguments nor expected to offer any jury instructions oh the claims of wantonness or willfulness. The majority of the testimony at the trial focused on damages for Lindsey’s injuries. Regarding the claim for damages based on negligence, Lindsey, who admitted more than once that she had an -incomplete memory of thé aécident,[2] testified that, on the night of the accident, she had been completely stopped*'in “a pretty heavy amount of traffic-,” waiting for the vehicle affront of her to turn left-into :a- shopping-center entrance when- the accident occurred. Valerie testified' that” she had seen Lindsey’s brake lights but that she 'had been unable to - stop - in time to avoid the accident.-Valerie said: “I tried to stop, but it wasn’t successful^] and I hit her.” • In her deposition testimony, which she read aloud to the jury, Valerie testified that Lindsey had not stopped in'ah’“emergency fashion,” that she had' not ■ heard Lindsey’s tires squeal, and that Lindsey had done nothing wrong. However, as noted in the postjudgment order, Valerie re *526 plied “Yes, sir” to her attorney’s question: “[Lindsey] stopped suddenly, and you couldn’t?”
The circuit-court judge instructed the jury regarding the burden of proof, provided a definition for and listed the elements of the tort of negligence, and said that, if the accident had been caused by a sudden emergency, then the “verdict must be in favor of [Valerie].”
In this appeal — admittedly it is a close call — we conclude that the circuit court plainly and palpably erred in granting Lindsey’s motion for a new trial. In reaching our conclusion, we have considered the fact that the jury verdict is supported by some evidence of a sudden emergency; however, we are unconvinced that the jury’s verdict rested exclusively on that determination. It is equally plausible that the jury determined, based on the instructions given, that Valerie had not been negligent.
A review of the jury charge reveals that the circuit-court judge said:
“In order for you to decide whether or not [Valerie] is responsible, you must decide three issues: Number 1, whether [Valerie] was negligent; Number 2, whether [Lindsey] was harmed; and Number 3, whether or not [Valerie] is responsible for the harm that [Lindsey] suffered.
[[Image here]]
“If ... you do not find all three of these issues, then you must find- for [Valerie].
[[Image here]]
If you are reasonably satisfied from the evidence that the accident that is made the basis of this lawsuit was proximately caused by a sudden emergency, which was not the fault of [Valerie], then your verdict must be in favor of [Valerie].
[[Image here]]
“Let’s talk about negligence. Negligence is the failure to use reasonable care to prevent harm to oneself or to others. So negligence is the failure to use reasonable care. A person’s conduct is negligent when he or she does something that a reasonably prudent person would not do in a similar situation, or if he or she fails to do something that a reasonably prudent person would have done in that particular situation. The reasonably prudent person that we are talking about is the reasonably prudent person that will be the twelve of you sitting as a jury.
“Now, you must decide if [Valerie] was negligent in this case. There is no presumption of negligence arising out of the fact that an accident occurred.”
The circuit-court judge also substantially quoted Alabama Pattern Jury Instruction-Civil (“the APJI”) § 26.04 (3d ed. 2015), saying:
“Á driver must keep a lookout for others, and he or she must use reasonable care to anticipate the presence of others. A driver is negligent if he or she fails to see what was there to be seen, or otherwise fails to discover a vehicle or other person that he or she should have discovered in time to avoid hitting it.”
The record indicates that, during its deliberations, the jury requested a clarification of the definition of “negligence.” The circuit-court judge offered the language provided by the APJI § 28.01:
“Negligence is the failure to use reasonable care to prevent harm to oneself or others.
“A person’s conduct is negligent when (he/she) either does something that a reasonably prudent person would not do in a similar situation, or (he/she) she fails to do something that a reasonably prudent person would have done in a similar situation.”
It appears likely that, based on that language and the scant testimony provided, the jury of lay persons could have determined that Valerie had not been negligent.
*527 Furthermore, there were conflicting statements regarding the circumstances of the accident: (1) Lindsey’s statement that she was completely stopped, (2) Valerie’s statement that Lindsey had not stopped in an “emergency fashion,” and (3) Valerie’s statement that Lindsey .had stopped suddenly. The resolution of conflicts -in the evidence rests solely with the trier of fact, in this case, the jury. See Sharrief v. Gerlach, 798 So.2d 646, 651 (Ala. 2001) (citing Jones v. Baltazar, 658 So.2d 420, 422 (Ala. 1995), citing in turn James v. Woolley, 523 So.2d 110, 112 (Ala. 1988)). We conclude that the jury properly exercised its duty to resolve conflicts, find the facts, and express its findings in its verdict.
Thus, the verdict was not against the great weight or preponderance of the evidence; therefore, we conclude that the circuit court abused its discretion by granting Lindsey’s motion for a new trial. The May 6, 2016, order of the circuit court granting a new trial is reversed, and the cause is remanded for the circuit court to vacate the May 6, 2016, order and to reinstate the February 9, 2016, judgment én-tered on the verdict.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Pittman, J., concurs.
Donaldson, J., concurs specially.
Thompson, P. J., dissents, with writing, which Moore, J., joins.

. On September 5, 2014, the circuit court granted Lindsey’s uninsured-motoris’t carrier’s motion to opt" out of thé litigation,

. One of Lindsey’s injuries appears to have been a blow to her head that had caused a concussion and, possibly, a short-term loss of consciousness upon impact. , :