ALMON, Justice.
This is an appeal from a judgment ordering condemnation and forfeiture of $18,520 in U.S. Currency pursuant to Code 1975, § 20-2-93. The currency was seized from the residence and from the person of Donald Ray Bohannon during Bohannon’s arrest for trafficking in controlled substances.
The pertinent provisions of § 20-2-93 are as follows:
“(a) The following are subject to forfeiture:
“(1) All controlled substances ... acquired in violation of this chapter;
[[Image here]]
“(4) Lawful currency (money) of the United States of America seized:
[[Image here]]
“b. On the person of any human being found in the act of selling or receiving, or attempting to sell or receive, property described in subdivisions (1) or (2) of this subsection;
“c. Inside the room, closet, hallway, passageway or other intermediate area of any building of any type whatsoever, wherein any human being is found in the act of selling or receiving, or attempting to sell or receive, property described in subdivisions (1) or (2) of this subsection;
“d. ... provided, however, that:
“1. No lawful currency (money) of the United States of America shall be condemned and forfeited, wherever seized, except by an affirmative finding by the trier of fact, either the court or jury as the case might be, to the following interrogatory — ‘The (court) (jury) is reasonably satisfied from the evidence and inferences attendant thereto that the money in issue was used, or intended for use, in a transaction which would be a violation of the Alabama Controlled Substances Act.[’]”
(Emphasis added.)
The seizure of the money in this case was “within 72 hours” after the police arranged a “controlled buy” in which an informant was sent into Bohannon’s residence and came out with marijuana in his possession. On the basis of this information, the police obtained a warrant to search the residence. The residence was a mobile home or trailer. When the officers arrived to execute the search warrant, Bo-hannon was standing outside the trailer with another man. The officers took Bo-hannon inside and kept him and his wife in the front area while they searched the trailer. A plastic bag with marijuana inside was found in a closet in the bedroom; another plastic bag with $18,239 inside was found in a dresser drawer; and another plastic bag with marijuana residue inside was found, apparently underneath the dresser. After the first bag of marijuana was found, the officers searched Bohannon and found another bag of marijuana in one pocket and $281 in cash in another pocket.
Clearly this seizure was not made while Bohannon was “found in the act of selling or receiving, or attempting to sell or receive” marijuana. Section 20-2-93 “authorize[s] condemnation and forfeiture [and thus is] highly penal in nature and must be strictly construed.” Reeder v. State ex rel. Myers, 294 Ala. 260, 265, 314 So.2d 853, 857 (1975) (citations omitted).
Under facts similar to those of the instant case, the Court of Civil Appeals has held that a judgment of condemnation could not be sustained where the person from whom the money was seized was not “ ‘found in the act’ of doing any of the prohibited matters.” $3,976,00 U.S. Currency in Possession of Glen F. Sasser v. State, 484 So.2d 1088, 1090 (Ala.Civ.App.1985).
Furthermore, we note that the majority of the money was found in a room in *195 which no one was present at the time of the arrest and search. This further violates the provision of subdivision (a)(4)c. that money may be seized if it is found in the same room as a person found in the act of selling or receiving.
For the foregoing reasons, the judgment of condemnation is reversed and the cause is remanded.
REVERSED AND REMANDED.
JONES, SHORES, BEATTY and ADAMS, JJ., concur.
MADDOX, HOUSTON and STEAGALL, JJ., dissent.