The State of Alabama appealed from a final judgment which denied the condemnation of United States currency amounting to $1,229. The trial court made a finding of fact that the defendant's testimony was not worthy of belief, that the money at issue was used, and was intended for use, in transactions involving the selling or receiving of drugs, and that, at the time that the money was seized, the defendant was not in the act of selling or receiving a controlled substance.
 "The seizure of the money in this case was 'within 72 hours' after the police arranged a 'controlled buy' in which an informant was sent into Bohannon's residence and came out with marijuana in his possession. On the basis of this information, the police obtained a warrant to search the residence. The residence was a mobile home or trailer. When the officers arrived to execute the search warrant, Bohannon was standing outside the trailer with another man. The officers took Bohannon inside and kept him and his wife in the front area while they searched the trailer. A plastic bag with marijuana inside was found in a closet in the bedroom; another plastic bag with $18,239 inside was found in a dresser drawer; and another plastic bag with marijuana residue inside was found, apparently underneath the dresser. After the first bag of marijuana was found, the officers searched Bohannon and found another bag of marijuana in one pocket and $281 in cash in another pocket.
 "Clearly this seizure was not made while Bohannon was 'found in the act of selling or receiving, or attempting to sell or receive' marijuana. Section 20-2-93 'authorize[s] condemnation and forfeiture [and thus is] highly penal in nature and must be strictly construed.' Reeder v. State ex rel. Myers, 294 Ala. 260, 265, 314 So.2d 853, 857 (1975) (citations omitted).
 "Under facts similar to those of the instant case, the Court of Civil Appeals has held that a judgment of condemnation could not be sustained where the person from whom the money was seized was not ' "found in the act" of doing any of the prohibited matters.' $3,976.00 U.S. Currency in Possession of Glen F. Sasser v. State, 484 So.2d 1088, 1090 (Ala.Civ.App. 1985)."
 Bohannon v. State ex rel. Galanos, 510 So.2d 193, 194 (Ala. 1987).
 The primary issue that was here raised was determined in Bohannon. The facts in the present case do not support the argument of the State as strongly as did the facts in Bohannon. While the minority opinion in Bohannon supports the argument of the State, we are bound to follow the latest decision of a majority of the Supreme Court upon a particular issue. State of Alabama v. Reynolds Metals Co., [MS. 6136 Feb. 3, 1988] (Ala.Civ.App. 1988). Consequently, the final judgment is affirmed. *Page 302 
 The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.