Edward Kane appeals from the trial court's order granting a new trial to defendant Woerner Produce Company, Inc.[1]
This cause of action arose out of an oral agreement between Kane and Edward J. Woerner Sons, Inc.; Lester J. Woerner, individually; and Woerner Produce Company, Inc., a corporation. Counts 1 and 2 of Kane's complaint alleged, respectively, negligence and willful and wanton performance of the aforementioned oral agreement to spray Kane's corn fields with pesticide. Counts 3 and 4 alleged, respectively, negligence and willful and wanton misconduct in the picking of Kane's corn crop. Prior to trial, Kane dismissed Lester J. Woerner as a defendant. The trial then proceeded on the merits. At the close of Kane's case-in-chief, Woerner Sons and Woerner Produce moved for a directed verdict. At that time, Kane was ordered by the trial court to make an election as to which party defendant (Woerner Sons or Woerner Produce) he wished to proceed against. The trial transcript reads:
"THE COURT:
 "Before you get started, Mr. Wilkins, let me ask Mr. Brackin this, or either one of you really, there are two corporations here and I haven't heard any testimony, to my knowledge, to either particular corporation.
"MR. BRACKIN [for the defendants]:
"They keep calling us, quote, the Woerners.
 "I have thought that, too, Judge, and they have never denominated — all they have referred to is 'the Woerners.' They have never mentioned Edward J. Woerner —
"THE COURT:
 "I think one or the other is entitled to a directed verdict because the testimony that I have heard is just in 'Woerner.'
"Which one are y'all saying it was?
"MR. BILES [for Kane]:
"Edward J. Woerner and Sons, Incorporated. *Page 694 
"THE COURT:
 "I am going to grant the directed verdict as to all four of the counts of the amended complaint as to Woerner Produce Company, Inc. I don't think there is a scintilla of evidence at all about that particular corporation."
After granting the directed verdict in favor of Woerner Produce on all four counts, the trial court directed a verdict as to Woerner Sons on counts 2 and 4, alleging willful and wanton misconduct. The trial court then proceeded, without objection, on counts 1 and 3 of Kane's original complaint. At the conclusion of all the evidence, Woerner Sons moved for a directed verdict, which was granted. The trial court stated:
"THE COURT:
 "Well, it's the Court's recollection that at the conclusion of the Plaintiff's case, the Court noted that there hadn't been any evidence directed to either one of the two corporations that were the Defendants. All the testimony has been directed towards the Woerners or the Woerner farm operation.
 "At that time, I noted that and said that I was going to direct a verdict as to one of the corporations or the other, and the Court's recollection is that the Plaintiff elected to go with Edward J. Woerner and Sons.
 "However, today, as the Court has understood the evidence, Edward J. Woerner and Sons, Inc., was a grower in the program and Woerner Produce Company was the corporation that apparently designed the program and so forth.
 "Therefore, I am going to reverse myself with respect to the ruling yesterday, and switch the corporate Defendant and make the directed verdict in favor [of] Edward J. Woerner and Sons, Inc., and allow the case to go to the Jury against Woerner Produce Company, Inc. And I want the record to be clear as to what I am doing but I think justice requires that be done."
After reinstating Woerner Produce as a defendant, the judge sent the case to the jury, which returned a verdict in favor of Kane. Damages were awarded in the amount of $25,000 as to count 1 and $10,000 as to count 3. Following this verdict, the trial court granted Woerner Produce's motion for a new trial. The trial judge stated in his order granting a new trial:
 "Defendant's motion for new trial is granted because the Court is of the opinion that it erred when it reversed its initial ruling on the motion for directed verdict made at the conclusion of the plaintiff's [case] and that such ruling by the Court prejudiced Woerner Produce Company, Inc. The entry of this Order in no way affects the dismissal of Lester J. Woerner entered on April 18, 1988."
It is from this order that Kane appeals.
The only issue presented for review under the circumstances of this case is whether the trial court erred in ordering a new trial.
 "It is well established that a ruling on a motion for a new trial rests within the sound discretion of the trial judge. The exercise of that discretion carries with it a presumption of correctness, which will not be disturbed by this Court unless some legal right is abused and the record plainly and palpably shows the trial judge to be in error."
Hill v. Sherwood, 488 So.2d 1357 (Ala. 1986).
It appears that, because of the uncertainty about which corporation was being proceeded against, Woerner Produce was led to believe, during the time that it could have presented its defense, that it was out of the case on a directed verdict. Its attorney made the following argument: "Well, I may or may not have introduced some things. I may not have introduced anything if I have known what Your Honor was going to do because they had not carried their burden of proof."
From a review of the record, we find no abuse of any legal right or any plain and palpable error. The trial court could have concluded that Woerner Produce had not received a fair trial. Thus, the trial court's *Page 695 
order granting Woerner Produce a new trial is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.
[1] Although defendant Edward J. Woerner Sons, Inc., was also named as an appellee, Kane makes no arguments on appeal regarding that defendant.