The plaintiffs appeal from a judgment granting defendant Faulkner University ("Faulkner") a new trial following the return of jury verdicts in the plaintiffs' favor. The plaintiffs are former students of Faulkner. Faulkner cross-appeals, challenging the trial court's denial of its motions for directed verdict and j.n.o.v.
Although it denied Faulkner's motion for j.n.o.v., the court granted its subsequent motion for a new trial and listed five reasons for doing so: (1) that the verdicts failed to do justice between the parties; (2) that the verdicts were so varying that it was apparent that they were the result of confusion, and were inconsistent with the jury instructions given; (3) that the verdicts were contrary to the law and the evidence; (4) that the verdicts were contrary to the great weight and preponderance of the evidence; and (5) that the verdicts were excessive so as to demonstrate bias, passion, prejudice, corruption, or other improper motive.
Because a reversal of the court's denial of Faulkner's motions for directed verdict and j.n.o.v. would render the students' appeal moot, we will address the cross-appeal first. Motions for directed verdict and j.n.o.v. test the sufficiency of the evidence, Casey v. Jones, 410 So.2d 5 (Ala. 1981), and should not be granted if, when viewed in the light most favorable to the non-movant, there exists a conflict in the evidence. Honeywell, Inc. v. Bel Air Corp., 518 So.2d 100, 101
(Ala. 1987); Rule 50, Ala.R.Civ.P. Our review reveals a conflict in the evidence regarding the students' allegations. Therefore, the trial court's denial of Faulkner's motions was proper.
The students contend that the proper standard for reviewing all orders granting motions for new trial is set forth inJawad v. Granade, 497 So.2d 471 (Ala. 1986):
 "[A]n order granting a motion for new trial on the sole ground that the verdict is against the great weight or preponderance of the evidence will be reversed for abuse of discretion where on review it is easily perceivable from the record that the jury verdict is supported by the evidence."
497 So.2d at 477 (emphasis added). We do not agree with the students' contention. The standard announced in theJawad opinion is limited to the review of orders granting a motion for new trial when "the sole ground" for granting the motion was that the verdict was against the great weight or preponderance of the evidence. Id.
In cases such as this one, where the court grants a motion for new trial for grounds other than, or in addition to, a finding that the verdict is against the great weight or preponderance of the evidence, our review is limited: *Page 1066 
 "It is well established that a ruling on a motion for a new trial rests within the sound discretion of the trial judge. The exercise of that discretion carries with it a presumption of correctness, which will not be disturbed by this Court unless some legal right is abused and the record plainly and palpably shows the trial judge to be in error."
Kane v. Edward J. Woerner Sons, Inc., 543 So.2d 693, 694
(Ala. 1989) (citation omitted). See also, Land Assoc., inc. v.Simmons, 562 So.2d 140, 148 (Ala. 1989).
A review of the record reveals a wide disparity between the amount of damages awarded to each plaintiff and a significant variance between the expenses incurred by each student and the amount of damages awarded. In addition, a review of the evidence does not indicate that the trial judge plainly and palpably erred by granting a new trial.
The judgment of the trial court is affirmed.
89-233 — AFFIRMED.
89-249 — AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, HOUSTON, STEAGALL and INGRAM, JJ., concur.