775 So.2d 789 (2000)
Alexander Adrian SCOTT
v.
Carla FARNELL.
1981512.
Supreme Court of Alabama.
April 21, 2000.
*790 Michael Gillion, Mobile, for appellant.
Alex W. Zoghby of Cochran, Cherry, Givens, Smith & Peters, P.C., Mobile, for appellee.
MADDOX, Justice.
The sole question presented in this case is whether the trial court erred in granting the plaintiff a new trial based solely on the ground that the jury's verdict in favor of the defendant was "contrary to the great weight of the evidence" or was "contrary to the preponderance of the evidence." Applying the standard of review this Court set out in Jawad v. Granade, 497 So.2d 471 (Ala.1986), we hold that the trial court erred. We reverse and remand.

I.
Alexander Adrian Scott and Carla Farnell were driving separate automobiles on Dauphin Street in Mobile on May 24, 1996, when Scott's automobile struck the rear of Farnell's automobile. Farnell sued Scott, alleging that he had negligently caused the accident and that his negligence had proximately caused her to suffer mental anguish and physical injuries. Farnell moved the trial court, based on evidence contained in Scott's deposition, for a partial summary judgment holding that Scott had been negligent as a matter of law. The trial court granted that motion. The case proceeded to trial, and the jury returned a verdict in favor of Scott. The trial court entered a judgment on the jury's verdict. Farnell timely moved for a new trial, on the ground that the jury's verdict was "contrary to the great weight of the evidence" or was "contrary to the preponderance of the evidence." The trial court granted the motion. Scott appealed from the order granting a new trial.

*791 II.
Rule 59(a), Ala. R. Civ. P., provides that a new trial may be granted "for any of the reasons for which new trials have heretofore [i.e., before the adoption of the Alabama Rules of Civil Procedure] been granted in actions at law." The Committee Comments on the 1973 adoption of that rule state:
"Subdivision (a) expressly provides that the grounds for a new trial under the rule shall be those which would have sufficed for a new trial or a rehearing under prior Alabama practice. Thus the rule makes no change in the grounds for a new trial, and prior Alabama decisions must be consulted to determine when a motion under this rule should be granted. In an action tried to a jury a new trial can be granted for any of the reasons listed in Code of Ala. [1940 (Recomp.1958)], Tit. 7, § 276, or for any of the common-law grounds not listed in that statute."
Section 12-13-11, Ala.Code 1975, was derived from Title 7, § 276, Ala.Code of 1940 (Recomp.1958). Thus, a new trial can be granted for the reasons listed in § 12-13-11. One of those reasons is that "[t]he verdict ... is not sustained by the great preponderance of the evidence." § 12-13-11(a)(6).
In the landmark case Jawad v. Granade, 497 So.2d 471 (Ala.1986), this Court established the standard of review it would apply in cases where a party appeals from an order granting a motion for a new trial on the basis that the jury's verdict was "against the great weight or preponderance of the evidence":
"[A]n order granting a motion for new trial on the sole ground that the verdict is against the great weight or preponderance of the evidence will be reversed for abuse of discretion where on review it is easily perceivable from the record that the jury verdict is supported by the evidence."
Id. at 477. We apply the Jawad standard of review in this case, because Farnell did not state any other ground in her motion for a new trial.[1]
In her brief, the plaintiff Farnell argues that this Court should revisit Jawad. She urges us to do so because, she argues, we have inconsistently applied Jawad in the years since that case abolished the old standard that had evolved from Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738 (1891).[2]
Farnell urges this Court to "refine" Jawad by declaring that an order granting a new trial on the basis that the jury's verdict was against the great weight or preponderance of the evidence will "be reversed if the appellant proves that substantial evidence clearly or plainly and palpably supports the verdict." (Brief of appellee at 9.) This proposed "refinement" of Jawad, however, bears a striking resemblance to the old Cobb v. Malone & Collins standard that Jawad overturned. Under Cobb v. Malone & Collins, an order granting a new-trial motion would not *792 be reversed unless the evidence plainly and palpably supported the jury verdict. Under this proposed refinement of Jawad, an order granting a new-trial motion would be reversed if the appellant proves that the evidence "clearly or plainly and palpably supports the verdict." The result of adopting this proposed refinement would be to re-create the problem addressed by this Court in Jawad. In other words, accepting Farnell's invitation to refine Jawad would tilt the balance back in favor of the trial judge's view of the evidence as opposed to the jury's view of the evidence. It would, in essence, amount to a repudiation of Jawad. We decline the invitation.

III.
We now review the evidence and apply the Jawad principle in that process. Clearly, Farnell presented evidence at the trial indicating that she had experienced pain in her neck, lower back, and one knee and that that pain resulted from the accident. She also presented evidence indicating that she had experienced carpal tunnel syndrome as a result of the accident. Dr. Herbert Allen III, an orthopedic surgeon who began treating Farnell approximately one year after the date of the accident, testified by videotaped deposition that, in his opinion, Farnell's problems had been caused by the accident; the tape of his deposition was played for the jury.
Farnell testified that she had never had neck problems before the accident. She testified that she had suffered from a lower-back degenerative disease since the early 1980s but that the pain associated with her preexisting back condition had disappeared approximately three years before the accident. Dr. Allen testified, however, that Farnell had a preexisting degenerative condition in both her neck and her lower back. He testified that the earliest onset of problems with that condition appeared to have come in 1982. He testified that the accident could have exacerbated the problems and caused the reemergence of Farnell's neck and back pain.
Dr. Allen also testified that he had concluded that the carpal tunnel syndrome was caused by the accident; but he admitted that he had reached that conclusion because he had not been aware of any other potential cause, and he stated that he could not explain why the problem did not appear until two years after the accident occurred. Farnell testified that she was a bookkeeper and that she had a hobby of painting in a studio in her home.
Dr. Allen also testified that he had concluded that Farnell's knee pain was caused by the accident. He testified that it was unlikely that the knee pain resulted from walking up and down stairs to Farnell's painting studio, because the pain appeared in only one knee.
Farnell testified that she had had "eight- or nine-hour excruciating headaches" following the accident. She said she sought treatment for the headaches "after they got so severe"; that, she testified, was approximately one year after the accident. Her husband, however, testified that she did not have a history of having headaches.
Farnell testified on cross-examination that she saw Dr. Lloyd Russell in the year following the accident. She did not see Dr. Allen until approximately one year after the accident, when Dr. Russell retired. She testified that she saw Dr. Russell "a number of times" during that year. However, Dr. Russell charged Farnell only $300for two office visitsduring that year. Farnell testified that Dr. Russell did not charge her for every visit she made to him.
Scott's main argument is that the jury heard evidence that supported its verdict. In particular, he argues that the jury could have concluded that the symptoms Farnell complained of did not arise for some time after the accident and were not related to the accident. Farnell, on the other hand, argues that "there is no evidence which... may easily [be] perceive[d] to support the jury's verdict." (Brief of Appellee at 4.)

*793 IV.
It is not the function of this Court to assume the role of the jury and to state whether, based on the evidence presented at trial, we would have found in favor of the plaintiff and awarded her damages. Our role is, instead, to determine whether "it is easily perceivable from the record that the jury verdict is supported by the evidence." Jawad, supra. In making that determination, we are mindful that "jury verdicts are presumed to be correct, and [that] no ground for granting a new trial will be more carefully scrutinized or more rigidly limited than that the verdict is contrary to the weight of the evidence." Delchamps, Inc. v. Larry, 613 So.2d 1235, 1239 (Ala.1992). Further, it is within the province of the jury, not an appellate court, to weigh the credibility of witnesses. Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297 (Ala.1986). Given those standards and given the Jawad standard, we conclude that the trial court erred in granting Farnell's motion for a new trial. We reverse the order granting a new trial and remand the cause for the trial court to vacate that order.

V.
Because we reverse the order granting the plaintiff a new trial, we do not reach the defendant's argument that the trial judge erred in entering the partial summary judgment for the plaintiff on the issue of liability.
REVERSED AND REMANDED WITH DIRECTIONS.
HOOPER, C.J., and HOUSTON, SEE, LYONS, and BROWN, JJ., concur.
COOK, JOHNSTONE, and ENGLAND, JJ., dissent.
COOK, Justice (dissenting).
The majority reverses a trial court's order granting the plaintiffs motion for a new trial. It does so under the rule of Jawad v. Granade, 497 So.2d 471, 477 (Ala.1986): "[A]n order granting a motion for [a] new trial on the sole ground that the verdict is against the great weight or preponderance of the evidence will be reversed for abuse of discretion where on review it is easily perceivable from the record that the jury verdict is supported by the evidence." This case, however, does not implicate Jawad. This is so, because, under the posture of this case, the jury's verdict was inconsistent as a matter of law, and, therefore, due to be set aside.
The dispositive facts are undisputed. The plaintiff Carla Farnell was driving one car in a line of cars that were stopped at an intersection, waiting for the light to turn green. The defendant Scott was driving the car directly behind Farnell. Scott admitted in deposition that he was not paying attention to what he was doing, and, as a consequence, suddenly accelerated his car into the rear of Farnell's car. On that basis, the trial court entered a summary judgment in favor of Farnell on the issue of liability. The propriety of that judgment is one issue on appealan issue the majority does not address.
Apparently, therefore, this case was tried solely on the issue of damages, because the summary judgment in favor of Farnell had held that Scott was negligent as a matter of law. However, the jury returned a verdict for Scott, awarding no damages. Clearly, the jury failed to follow the instructions of the trial court in so doing. Moreover, because the trial court had already found in favor of the plaintiff on liability, the jury was required to award at least nominal damages.[3] It did not.
Because the verdict was fatally flawed, the trial court properly set it aside. For these reasons, I dissent.
JOHNSTONE and ENGLAND, JJ., concur.
NOTES
[1] In a case where the new-trial motion was granted for reasons "other than ... a finding that the verdict [was] against the great weight or preponderance of the evidence," the court applies a standard of review that is somewhat more deferential to the trial judge's determination that a new trial is warranted. Curtis v. Faulkner Univ., 575 So.2d 1064, 1065 (Ala. 1991).
[2] Under Cobb v. Malone & Collins, "decisions granting new trials [would] not be reversed, unless the evidence plainly and palpably support[ed] the verdict." 92 Ala. at 635-36, 9 So. at 740. That standard, in essence, provided that a trial judge's grant of a new trial on the basis that the jury verdict was against the great weight or preponderance of the evidence was afforded great deference on appeal. The problem with that standard, as identified in Jawad's statement of Justice Jones's argument for abandoning the Cobb standard, was "that the constitutional right of trial by jury [was] overborne by a standard which render[ed] futile all efforts to review an order granting a new trial where there [was] any evidence to support a verdict contrary to that rendered by the jury." Jawad, 497 So.2d at 476.
[3] There is no issue of contributory negligence in this case.