PITTMAN, Judge.
 

 These appeals arise out of a tort action brought in the Jefferson Circuit Court by the plaintiff, Jimmie Wayne Loats, Jr., against the defendant, Jamie Shree Melvin, alleging that Loats had been injured in an automobile collision that was attributable to Melvin’s negligence or wantonness. The cause was tried to a jury on February 12 and February 13, 2008. At the close of all the evidence, the trial court determined that Melvin was entitled to a judgment as a matter of law
 
 (see generally
 
 Rule 50, Ala. R. Civ. P.) to the extent that Loats had alleged wantonness but that Loats was entitled to a judgment as a matter of law as to Melvin’s liability on Loats’s negligence claim, leaving only the issue of damages to be decided by the jury in its deliberations. The jury returned a verdict assessing $5,100 in damages; however,
 
 no judgment was immediately entered on that jury verdict
 
 in the State Judicial Information System within the meaning of Rule 58(c), Ala. R. Civ. P., as amended in September 2006.
 
 See generally Ex parte Luker,
 
 25 So.3d 1152, 1155 (Ala.2007) (deeming September 2006 amendment to Rule 58(c) “remedial” and directing its retroactive application).
 

 On March 13, 2008, despite the absence of a judgment, Loats filed a motion seeking a new trial alleging, among other things, that the trial court had erred in allowing evidence that his medical expenses had been paid by collateral sources; that the trial court had erred in giving a jury instruction that was based upon the wording of Instruction 11.09 of the
 
 Alabama Pattern Jury Instructions: Civil
 
 (“APJI 11.09”); and that Ala.Code 1975, § 12-21-45, violated constitutional guaranties of a right to a jury trial and to due process and that it “discriminate[d]” against Loats by not allowing discovery of Melvin’s insurance coverage and the monetary limits of any such coverage. A duplicate new-trial motion, bearing an amended certificate of service indicating service upon the Attorney General, was filed on March 14, 2008. The trial court finally entered a judgment on the jury’s verdict within the meaning of Rule 58, Ala. R. Civ. P., on April 24, 2008, and Loats’s new-trial motion thus ripened into a proper post-judgment motion pursuant to Rule 59, Ala. R. Civ. P., as of that date.
 
 See New Addition Club, Inc. v. Vaughn,
 
 903 So.2d 68, 72 (Ala.2004) (“[a] postjudgment motion filed before a judgment is entered ... becomes effective when the judgment is entered.”).
 

 The trial court rendered an order granting a new trial that was entered on June 12, 2008, 49 days after Loats’s motion ripened. In a separate opinion issued on June 13, 2008, the trial court stated that it had rendered that order because, the trial court opined, the jury’s damages award had been less than that court’s determination of Loats’s special damages, i.e., $16,413.36 — an amount that represented the gross amount of the medical bills incurred by Loats without regard to collateral-source payments and insurance “write-offs” appearing of record. The trial court further opined that it had erred in giving APJI 11.09 verbatim. Melvin appealed from the new-trial order. Because the new-trial order was entered within 90 days after the ripening of Loats’s new-trial motion, we reject Melvin’s contention that the new-trial order was void under Rule 59.1, Ala. R. Civ. P. Loats
 
 *668
 
 cross-appealed from the trial court’s new-trial order; however, because that order was favorable to Loats’s position and was entered at his behest, we interpret that cross-appeal as actually being a conditional appeal from the April 24, 2008, judgment of the trial court in the event that this court determines the new-trial order to be either void for lack of jurisdiction (which it is not) or erroneous (which we will next consider in connection with Melvin’s appeal).
 

 “Under Rule 59(a), Ala. R. Civ. P., a new trial in a civil action may be granted for any reason for which new trials were granted in actions at law in Alabama before the adoption of the Alabama Rules of Civil Procedure, including the reasons stated in § 12-13-11, Ala.Code 1975.
 
 See Scott v. Farnell,
 
 775 So.2d 789, 791 (Ala.2000). Among these grounds is ‘[ejrror of law occurring at the trial and properly preserved by the party making the application.’ § 12-13-11(a)(8), Ala.Code 1975. In other words, a trial court does not err in granting a new trial if it properly finds (1) that an error occurred in the preceding trial, and (2) that the party seeking the new trial ‘properly preserved’ the issue.”
 

 Allen v. Fountain,
 
 861 So.2d 1104, 1107 (Ala.Civ.App.2002). Subsection (4) of § 12-13-11 further provides that a new trial in a case may be granted because of “inadequate damages.” When, as here, a trial court has exercised its discretion to “grant[ ] a motion for new trial for grounds other than, or in addition to, a finding that the verdict is against the great weight or preponderance of the evidence,” we may not properly reverse that decision “ ‘unless some legal right is abused and the record plainly and palpably shows the trial judge to be in error.’ ”
 
 Curtis v. Faulkner Univ.,
 
 575 So.2d 1064, 1065, 1066 (Ala.1991) (quoting
 
 Kane v. Edward I. Woerner & Sons, Inc.,
 
 543 So.2d 693, 694 (Ala.1989)).
 

 The record reveals that a number of exhibits (plaintiffs exhibits 2 through 12) were admitted into evidence indicating the gross cost of medical care and medicine provided to Loats that, he testified, was attributable to the injuries he had received in the automobile collision with Melvin’s automobile upon which the action was based. Although the exhibits, taken together, are not a model of clarity, the charges thereon were summed by Loats’s counsel during his closing argument as $14,713.36, and that figure was accepted by the trial court as accurate in its opinion explaining its granting of Loats’s new-trial motion. However, not only did several of those exhibits reveal that some of those claimed expenses had been paid by third-party payors, Loats himself testified that his personal automobile insurer and his employer’s health-insurance plan had paid expenses on his behalf, and Loats admitted in his new-trial motion that “$14,713.36” was “paid by insurance.”
 

 In addition to the exhibits admitted into evidence tending to show that Loats incurred $14,713.36 in reimbursed medical expenses, another composite exhibit, plaintiffs exhibit 18, was a folder of receipts that, Loats testified, represented his “out of pocket” medical expenses. The approximate total of those expenses was, according to Loats’s testimony on direct examination, $1,700; Loats’s counsel utilized that $1,700 figure in his closing argument as a separate item of damages, and the trial court’s opinion explaining its new-trial order indicates its acceptance of that figure.
 

 In its June 13, 2008, opinion, the trial court relied principally upon
 
 Ex parte Courtney,
 
 937 So.2d 1060 (Ala.2006), and
 
 Williston v. Ard,
 
 611 So.2d 274 (Ala.1992).
 
 Ex parte Courtney
 
 applied the settled and
 
 *669
 
 unremarkable principle of law that “ ‘where liability is established, the jury’s assessment of damages must include, at the least, an amount sufficient to compensate the plaintiff for his or her uncontra-dicted special damages, as well as a reasonable amount of compensation for pain and suffering.’” 937 So.2d at 1062 (emphasis removed; quoting
 
 Smith v. Darring,
 
 659 So.2d 678, 679-80 (Ala.Civ.App.1995)).
 
 Williston,
 
 in pertinent part, restated and applied the common-law “collateral-source rule,” which “provides that an amount of damages is not decreased by benefits received by a plaintiff from a source wholly collateral to and independent of the wrongdoer.” 611 So.2d at 278. Aggregating the expenses derived by Loats and his counsel from plaintiffs exhibits 2-12 and 18, the trial court opined that the evidence was “uncontradicted” that Loats had incurred “damages in the amount of at least $16,413.36,” an amount that “clearly exceeded the jury’s award of $5,100.00,” and that that discrepancy “alone require[d]” that the new-trial motion be granted.
 

 However, in determining that Loats proved uncontradicted special damages of $16,413.36 that, in effect, were required to be included in the jury’s verdict as a matter of law, the trial court erroneously ignored the effect of Ala.Code 1975, § 12-21-45. That statute provides, in pertinent part:
 

 “(a) In all civil actions where damages for any medical or hospital expenses are claimed and are legally recoverable for personal injury or death,
 
 evidence that the plaintiff’s medical or hospital expenses have been or will be paid or reimbursed shall be admissible as competent evidence.
 
 In such actions upon admission of evidence respecting reimbursement or payment of medical or hospital expenses, the plaintiff shall be entitled to introduce evidence of the cost of obtaining reimbursement or payment of medical or hospital expenses.
 

 “(c) Upon proof by the plaintiff to the court that the plaintiff is obligated to repay the medical or hospital expenses which have been or will be paid or reimbursed, evidence relating to such reimbursement or payment shall be admissible.”
 

 (Emphasis added.)
 

 In
 
 Senn v. Alabama Gas Corp.,
 
 619 So.2d 1320 (Ala.1993), the Alabama Supreme Court affirmed a judgment entered upon a jury verdict, rejecting the plaintiffs contention that the jury should have been instructed that “he could recover damages for his medical expenses even if those expenses had been paid by a collateral source.” 619 So.2d at 1325. In rejecting that contention, the supreme court reasoned that “the collateral source rule, insofar as it allowed recovery against a tort-feasor of medical expenses paid by a collateral source, was
 
 abrogated
 
 by Ala.Code 1975, § 12-21-45,” and that the requested jury instructions on the common-law collateral-source rule “were erroneous as a matter of law.”
 
 Id.
 
 (emphasis added). In a special concurrence, Chief Justice Horns-by aptly summarized the substantive effect of § 12-21-45:
 

 “... Ala.Code 1975[,] § 12-21-45, altered the collateral source rule in civil actions in which a plaintiff seeks damages for any medical or hospital expenses. Under § 12-21-45, a defendant has the option of introducing evidence that a collateral source has paid or will pay or reimburse[] a plaintiff for his medical or hospital expenses, and if a defendant elects to introduce such evidence, a plaintiff may present evidence as to the cost of obtaining the reimbursement or payment of medical or
 
 *670
 
 hospital expenses, including evidence of any right of subrogation claimed by the collateral source. Thus, under § 12-21-45,
 
 a plaintiff is not entitled, necessarily, to fully recover medical or hospital expenses
 
 .... Instead, in such cases a jury must consider all of the evidence introduced at trial regarding payments from collateral sources and determine to what extent the plaintiff is entitled to recover his medical or hospital expenses.”
 

 619 So.2d at 1326 (Hornsby, C.J., concurring specially) (emphasis added).
 

 In this case, the trial court acknowledged in its June 13, 2008, opinion that § 12 — 21—45 has been authoritatively determined by the Alabama Supreme Court to be a constitutional exercise of its power to alter the common law
 
 (see Marsh v. Green,
 
 782 So.2d 223, 233 (Ala.2000)). However, the trial court proceeded in that opinion to ignore the effect of that statute by determining, in effect, that the jury in this case had no authority to find, in the words of APJI 11.09 as recited to the jury, that the only “reasonable expenses necessarily incurred for doctors’ and medical bills which the plaintiff has paid or become obligated to pay” were those paid out of Loats’s own pocket rather than those paid by third parties. On the contrary, the jury could, consistent with § 12-21-45, properly award as damages, as it did, only the $1,700 in medical expenses that Loats testified to having paid out of his own pocket and an amount double that figure (i.e., $3,400) as compensation for pain and suffering. Thus, we must conclude that the trial court erred in granting a new trial on the purported basis of inadequate damages as provided for in Ala.Code 1975, § 12-13-11(4).
 

 Likewise, we conclude that the trial court’s determination in its June 13, 2008, opinion that it had erred in giving APJI 11.09 verbatim was not a proper basis for ordering a new trial. The record reveals that just before the jury retired, counsel for Loats requested that the trial court charge the jury that the measure of damages for medical expenses was “reasonable expenses necessarily incurred for doctors’ and medical bills which the plaintiff has paid or become obligated to pay
 
 or has been paid on his behalf”
 
 (emphasis added). Loats’s counsel made no other objections to the trial court’s instructions to the jury; thus, only the issue of that suggested addition emphasized above amounts to potential legal error “properly preserved by the party making the application” under Ala.Code 1975, § 12-13-ll(a)(8), as to the trial court’s jury instructions.
 

 However, the trial court’s instruction to the jury regarding medical expenses was proper without the addition suggested by Loats. To the extent that Loats’s suggested additional language would have allowed the jury to award as damages medical expenses Loats incurred that had been previously satisfied by a collateral source, that addition would have contravened the intent of § 12-21-45 to abrogate the collateral-source rule as to expenses within its scope.
 
 See Senn,
 
 619 So.2d at 1325;
 
 see also
 
 Danielle A. Daigle, Commentary, “The Collateral Source Rule in Alabama: a Practical Approach to Future Application of the Statutes Abrogating the Doctrine,” 53 Ala. L.Rev. 1249, 1262 (suggesting that § 12-21-45 is properly construed so as to provide for “mandatory deduction of medical expenses paid for by collateral source payors from the amount of damages the plaintiff receives”). Although a different result might obtain, based upon the language of § 12-21-45(c), in a case in which competent evidence is adduced that a third party has asserted, or has a valid basis for asserting, a reim
 
 *671
 
 bursement claim against the plaintiff,
 
 [1]
 
 we perceive no legal error in instructing the jury that it should award reasonable and necessary expenses for doctors’ and medical bills “which the plaintiff has paid or become obligated to pay” without referring to expenses paid by third parties.
 

 For the foregoing reasons, the trial court erred in ordering a new trial in this cause. The trial court’s June 12, 2008, new-trial order is thus due to be reversed. Because our reversal of that order satisfies one of the conditions underlying Loats’s cross-appeal from the April 24, 2008, judgment entered on the jury’s verdict, we next consider whether Loats has demonstrated any error in that judgment.
 

 The sole contention raised by Loats in this court, apart from the arguments concerning the correctness of the new-trial order (which we have already rejected), is that § 12-21-45 is violative of equal-protection and due-process principles. Consideration of Loats’s argument, to the extent that it has been properly preserved for appellate review, is foreclosed in this court by the Alabama Supreme Court’s express holding in
 
 Marsh v. Green,
 
 782 So.2d 223 (Ala.2000), that § 12-21-45 does not offend principles of equal protection and due process. “[W]e are bound to follow the latest decision of a majority of the Supreme Court upon a particular issue.”
 
 State v. Bilotta,
 
 522 So.2d 300, 301 (Ala.Civ.App.1988);
 
 accord
 
 Ala.Code 1975, § 12-3-16. Thus, the trial court’s April 24, 2008, judgment is due to be affirmed.
 

 We now summarize our holdings. The trial court’s June 12, 2008, new-trial order was erroneous and is reversed. The trial court’s April 24, 2008, judgment was correct and is affirmed. The cause is remanded to the trial court. On remand from this court, the trial court is to vacate its June 12, 2008, order and is to reinstate the April 24, 2008, judgment.
 

 APPEAL — REVERSED AND REMANDED WITH INSTRUCTIONS.
 

 CROSS-APPEAL — AFFIRMED.
 

 THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . On the issue of what evidence is competent to prove the existence of such a claim,
 
 see Bruno’s Supermarkets, Inc. v. Massey,
 
 914 So.2d 862, 867-68 (Ala.Civ.App.2005), in which this court, in an opinion authored by then Judge (now Justice) Murdock, observed that § 12-21-45(c) would not allow a plaintiff to testify to her "personal knowledge” that a third-party payor had asserted a subrogation claim in an unauthenticaled letter that was not itself in evidence.