PITTMAN, Judge.
In these appeals, transferred to this court by the Alabama Supreme Court pursuant to § 12-2-7(6), Ala.Code 1975, we consider the correctness of a judgment entered by the Jefferson Circuit Court on a jury verdict in favor of Pratibha Kapoor, the plaintiff in a civil action asserting, among other things,[1] a negligence claim against Howard Gene Daniels stemming from an automobile collision that occurred in November 2004. At the conclusion of the trial in this case, the jury reached a verdict determining that Daniels had negligently injured Kapoor and assessing damages of $54,722, and the trial court entered a judgment on that verdict on December *64 15, 2008. On January 13, 2009, Kapoor filed a motion seeking the taxation against Daniels of additional litigation costs. On the 42d day after the entry of the judgment at issue (January 26, 2009), while Kapoor’s motion was pending, Daniels filed a notice of appeal in compliance with Rule 3(c), Ala. R.App. P.; Daniels thereby fulfilled the jurisdictional requirement of filing a notice of appeal within the time allowed by Rule 4(a), Ala. R.App. P., see Luce v. Huddleston, 628 So.2d 819, 820 (Ala.Civ.App.1993), and we reject Kapoor’s contention that we lack appellate jurisdiction as to his appeal based upon the alleged untimeliness of a second notice of appeal that Daniels filed in May 2009. On June 9, 2009, Kapoor cross-appealed, asserting that an April 13, 2009, order of the trial court quashing her attempt to garnish funds was erroneous.
Each of the issues raised by Daniels in his brief concerns the propriety of various rulings by the trial court concerning admission of evidence at trial. Specifically, Daniels asserts that the trial court erred in (1) allowing into evidence various medical bills and records as to treatment that, Daniels says, Kapoor failed to show as being reasonable, necessary, and causally related to the collision; (2) allowing into evidence testimony of one of Kapoor’s treating physicians to the effect that Kap-oor will require a particular medical procedure in the future without, Daniels says, adducing evidence of any causal relationship between the collision and the necessity of the procedure; and (3) allowing Kapoor to testify concerning her understanding of a potential subrogation interest of one of her insurers. As we will discuss herein, we agree with the contentions of Daniels as to the third of these issues and that the judgment must be reversed on that basis.
Pursuant to subsection (a) of § 12-21-45, Ala.Code 1975, in civil actions in which damages arising from medical or hospital expenses are claimed and may be awarded, “evidence that the plaintiffs medical or hospital expenses have been or will be paid or reimbursed shall be admissible as competent evidence.” Conversely, subsection (c) of § 12-21-45 provides that if a plaintiff can demonstrate that he or she “is obligated to repay the medical or hospital expenses which have been or will be paid or reimbursed,” evidence concerning any such reimbursement or payment shall be “admissible.” Taken together, these provisions operate to “‘alter[] the collateral source rule in civil actions in which a plaintiff seeks damages for any medical or hospital expenses’ ” by affording defendants “ ‘the option of introducing evidence that a collateral source has paid or will pay or reimburse[ ] a plaintiff for his medical or hospital expenses’ ”; in the event that that option is exercised, “ ‘a plaintiff may present evidence as to the cost of obtaining the reimbursement or payment of medical or hospital expenses, including evidence of any right of subrogation claimed by the collateral source.’ ” Melvin v. Loots, 23 So.3d 666, 669-70 (Ala.Civ.App.2009) (quoting Senn v. Alabama Gas Corp., 619 So.2d 1320, 1326 (Ala.1993) (Hornsby, C.J., concurring specially)).
In this case, Daniels exercised his option to prove that a collateral source had substantially satisfied Kapoor’s medical-expense obligations: during Daniels’s case, his attorney elicited affirmative answers from Kapoor to questions asking whether she had health insurance at the time that the collision occurred and whether, apart from certain out-of-pocket expenses and co-payments, all Kapoor’s medical bills had been paid by virtue of that insurance. On her attorney’s cross-examination, Kapoor was asked what “her understanding” was *65 of her obligations to her health insurer, “Viva Health,” “about repayment for those expenses,” but she did not answer that question because Daniels’s objection to that question was sustained. Kapoor later responded in the affirmative, without objection, to a question whether she was “familiar with” her obligations to her insurance carrier, after which the following exchange occurred:
“[Counsel for Kapoor]: What are your obligations to your insurance carrier relating to your medical expenses they pay?
“[Counsel for Daniels]: Objection, Your Honor. The document itself is a hearsay document and hasn’t been offered into evidence anyway.
“THE COURT: Well, I haven’t heard enough of the question, I think, as to — I think you need to be more specific about obligations. Is that what you said?
“[Counsel for Kapoor]: Yes, sir. I’m asking what is her personal knowledge relating to her obligations relating to repayment of her medical expenses.
“[Counsel for Daniels]: Same objection.
“THE COURT: Repayment of medical expense as to this case?
“[Counsel for Kapoor]: Yes, sir.
“THE COURT: You need to be more specific, I think.
“[Counsel for Kapoor]: As to medical expenses—
“[Counsel for Daniels]: Same objection.
“THE COURT: I understand. Overruled.
“[Counsel for Kapoor]: — your insurance carriers paid in this matter, what is your personal knowledge of your obligations towards repayment of those expenses?
“[Counsel for Daniels]: Same objection.
“THE COURT: Overruled. If you know. Go ahead.
“[Kapoor]: My understanding is that Viva Health, my insurance company, has a lien on any amount that I recover from this lawsuit, and I need to pay it back. And the lien comes from what the insurance company—
“[Counsel for Daniels]: Objection, Your Honor.
“THE COURT: I sustain to that. Next question.”
(Emphasis added.)
In Bruno’s Supermarkets, Inc. v. Massey, 914 So.2d 862 (Ala.Civ.App.2005), this court reversed an order granting a new trial and overturning a judgment on a jury verdict in a premises-liability action in which the plaintiff had sought an award of damages arising from her medical expenses; at trial in that case, the plaintiff had been prevented from answering the question whether, if the jury made an award for medical expenses, “ ‘[D]o you know whether you will have to pay Medicare and Blue Cross back?’ ” 914 So.2d at 864. In concluding that that ruling at trial was correct, and that the new-trial order predicated on potential error in that ruling was itself erroneous, this court, speaking through then Judge (now Justice) Murdock, noted that “[a]t no other time during the trial did [the plaintiff] attempt to present other evidence — through either witnesses or documentation — as to the issue of subrogation” (914 So.2d at 865), and we opined that § 12-21-45(c) “does not state that evidence relating to subrogation ‘shall be admissible’ regardless of whether or not it is competent evidence” (914 So.2d at 867). In pertinent part, we held:
“In this ease, the trial court prohibited [the plaintiff] from testifying as to the truth of the content of a letter allegedly received from Medicare and Blue Cross/ Blue Shield stating that Medicare and Blue Cross/Blue Shield intended to enforce a subrogation interest in any re *66 covery she obtained in court. Any such testimony would have constituted statements ‘offered in evidence to prove the truth of the matter asserted,’ Rule 801(c), Ala. R. Evid., i.e., that [the plaintiff] was required to repay Medicare and Blue Cross/Blue Shield, even though [her] only knowledge of such an obligation was based on the letter. Thus, as the trial court itself observed in its January 27, 2003, order, the testimony was hearsay and was properly prohibited by the trial court.”

Id.

Just as the testimony sought to be elicited in Massey from the plaintiff in that case concerning her “knowledge” of whether she would have to reimburse her collateral payors for their medical-expense payments on her behalf would have been inadmissible hearsay, the testimony given by Kap-oor in this case, over Daniels’s objection, as to her “understanding” of the existence of a subrogation lien and of a duty to repay her insurer is necessarily hearsay. The testimony was clearly offered for the purpose of proving the truth of the proposition that all or part of any damages assessed by the jury would eventually be paid to an insurer and would not directly benefit Kapoor herself. Although § 12-21-45(c) does afford plaintiffs, such as Kapoor, a conditional right to adduce coro-petent evidence[2], “that a third party has asserted, or has a valid basis for asserting, a reimbursement claim” (Melvin, 23 So.3d at 670-71), we must disagree with Kap-oor’s contention that her testimony amounts to “competent evidence” of the existence of such a potential or actual reimbursement claim.
Based upon the facts of this case, we must conclude that the trial court erred in permitting the jury to consider, in awarding damages, Kapoor’s “understanding” that she had a duty to reimburse Viva Health. We thus reverse the judgment entered on the jury verdict in favor of Kapoor and remand the cause for a new trial or for other proceedings consistent with this opinion. Because reversal is necessary based upon this ground, we expressly pretermit consideration of the remaining evidentiary issues raised by Daniels. See North Clarke Water Auth. v. Dockery, 5 So.3d 634, 637 (Ala.Civ.App.2008). Further, assuming, without deciding, that we would have had appellate jurisdiction to reach the merits of Kapoor’s June 9, 2009, cross-appeal from the April 13, 2009, order quashing her attempts to execute on the December 15, 2008, judgment — an order as to which Kapoor has not asserted any error in her brief to this court — we must nonetheless dismiss the cross-appeal as moot because of our reversal of the judgment upon which Kapoor predicated her garnishment efforts. See Liberty Nat’l Life Ins. Co. v. Ingram, 887 So.2d 222, 229-30 (Ala.2004).
APPEAL — REVERSED AND REMANDED.
CROSS-APPEAL — DISMISSED.
THOMPSON, P.J., concurs.
BRYAN, THOMAS, and MOORE, JJ., concur in the result, without writings.

. Although Kapoor’s January 2006 complaint had also stated a wantonness claim against Daniels and claims against other defendants, all claims against the other defendants were dismissed on November 5, 2008, and during the trial a judgment as a matter of law, pursuant to Rule 50, Ala. R. Civ. P., was entered as to Kapoor’s wantonness claim against Daniels.

. Our reference to "competent evidence” should not be read as excluding the potential possibility that a subrogation interest might be shown, in an appropriate case, by means other than direct evidence, such as via reference to prevailing statutes of which a trial court may properly take judicial notice. See Arthur v. Bolen, 41 So.3d 745, 750 (Ala.2010).