Rel: January 17, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of Southern Reporter. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in Southern Reporter.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2024-2025

_____

### SC-2024-0246

_____

**Jeanetta C. Scott, as administratrix of the Estate of Willie C. Scott, deceased**

**v.**

**Jimmy C. Scott**

**Appeal from Pike Circuit Court**
**(CV-21-900088)**

WISE, Justice.

Jeanetta C. Scott, as administratrix of the Estate of Willie C. Scott, deceased ("Jeanetta"), appeals from the Pike Circuit Court's summary judgment in favor of Jimmy C. Scott ("Jimmy"). We reverse and remand.

Procedural History

On October 13, 2021, Jimmy filed a complaint against Jeanetta in the Pike Circuit Court, which was assigned case no. CV-21-900088. The complaint stated that, on May 22, 2018, Willie C. Scott ("Willie") had signed a promissory note in which he had promised to pay $67,000 to Jimmy by March 24, 2020. The promissory note stated that the dates and amounts borrowed were as follows: $25,000 on March 10, 2017; $20,000 on October 18, 2017; and $22,000 on May 22, 2018. A copy of the promissory note was attached to the complaint.

On November 18, 2021, Jeanetta filed an answer in which she denied the allegations in the complaint. She also raised several affirmative defenses, including stating that Willie had performed all of the acts that were required of him under the promissory note that Jimmy alleged he had breached.

On January 20, 2022, Jeanetta filed in the circuit court an "Appeal from the Pike County Probate Court's Order on Contest of Claims" in case

no. CV-22-900007, which involved the administration of Willie's estate

(Willie had died on November 20, 2019). In that appeal, Jeanetta stated,

in part:

> "3. [Jimmy] initially filed a claim against the estate, including a claim for funeral expenses of the deceased that was reimbursed to him.

> "4. [Jimmy] amended the claim prior to the hearing [and] removed the claim for funeral expenses for which he had received reimbursement.

> "5. A hearing was held on this matter on July 27, 2021.

> "6. On December 23, 2021, the Probate Judge entered an order holding that $62,500 is a debt of the estate.

> "7. The Probate Court's order that $62,500 is a debt of the estate is due to be reversed.

> "8. The Probate Court's order is not supported by evidence heard by the Court and is based on an error of facts and law."

Jeanetta asked that the probate court's order be reversed. On June 7,

2022, the circuit court ordered that case no. CV-21-900088 and case no.

CV-22-900007 be consolidated because they involved a common question

of law and common facts.

On December 30, 2022, Jimmy filed a motion for a summary

judgment in case no. CV-21-900088, and he supported that motion with

documents and affidavits. He alleged that Willie had executed the promissory note and that the debt had not been paid or canceled.

Jimmy attached his own affidavit in support of his motion. In his affidavit, Jimmy stated, in relevant part:

> "1. That my name is Jimmy Clarence Scott and I am the Plaintiff in that certain action pending in the Circuit Court of Pike County, Alabama, Case No: CV-2021-900088.
>
> "2. That I loaned to Willie C. Scott the sum of $25,000.00 on March 10, 2017, the sum of $20,000.00 on October 18, 2017, and the sum of $22,000.00 on May 22, 2018, for a total indebtedness of $67,000.00.
>
> "3. That on May 22, 2018, Willie C. Scott acknowledged such debt by executing and delivering to me a promissory note, a copy of which is attached to the Complaint as Exhibit 'A.' Said note was due and payable on or before March 24, 2020.
>
> "4. That no amount has been paid on said note and the balance remains unpaid at $67,000.00.
>
> "5. That Jerry Jerome Scott and Patricia Brooks witnessed Willie C. Scott execute such note.
>
> "6. That Willie C. Scott died on November 20, 2019, and on June 5, 2020 Jeanetta C. Scott was appointed as Administratrix of the Estate of Willie C. Scott."

Jimmy also attached the affidavits of Jerry Jerome Scott and Patricia Brooks in support of his motion. In his affidavit, Jerry Jerome Scott stated, in relevant part:

4

"1. That my name is Jerry Jerome Scott.

"2. That on May 22, 2018, I was present and personally witnessed Willie C. Scott sign his name to a promissory note to Jimmy C. Scott for $67,000.00.

"3. That Exhibit 'A' attached to the Complaint is a true and accurate copy of the note which I saw Willie C. Scott sign and which I signed as a witness.

"4. That Willie C. Scott appeared to be competent at the time he signed to note. That he signed the document voluntarily and expressed his understanding of the contents of the note which I saw him sign.

"5. That Patricia Brooks was also present and witnessed Willie C. Scott sign his name to the note."

In her affidavit, Patricia Brooks stated, in relevant part:

"1. That my name is Patricia Brooks.

"2. That on May 22, 2018, I was present and personally witnessed Willie C. Scott sign his name to a promissory note to Jimmy C. Scott for $67,000.00.

"3. That Exhibit 'A' attached to the Complaint is a true and accurate copy of the note which I saw Willie C. Scott sign and which I signed as a witness.

"4. That Willie C. Scott appeared to be competent at the time he signed to note. That he signed the document voluntarily and expressed his understanding of the contents of the note which I saw him sign.

"5. That Jerry Jerome Scott was also present and witnessed Willie C. Scott sign his name to the note."

On February 16, 2023, Jeanetta filed a response to the motion for a summary judgment. She argued, in pertinent part, that there was a genuine issue of material fact as to whether had Willie signed the promissory note. In support thereof, she attached her own affidavit and an affidavit from Venessa Tyner.

In her affidavit, Jeanetta stated, in relevant part:

> "1. I am the widow of Willie C. Scott.

> "2. During our marriage, I observed many documents signed by my late husband.

> "3. I have reviewed the document attached to Plaintiff Jimmy C. Scott's [complaint] as exhibit 'A,' and based on my knowledge of my late husband's signature, the signature under his printed name is not his signature."

In her affidavit, Venessa Tyner stated, in relevant part:

> "1. I served as the secretary of the Outreach Endtime Deliverance Church of the Living God (hereafter 'the Church'), for over 30 years, including the year Bishop Willie C. Scott was murdered, where I worked directly with Bishop Scott.

> "2. I served as secretary for the Church regarding its secular and nonsecular affairs.

> "3. During my tenure as secretary, I saw bishop Scott sign many documents; therefore, I had the opportunity to see his handwriting.

6

"4. I have reviewed the document attached to Plaintiff Jimmy C. Scott's complaint as exhibit 'A,' and based on my knowledge of the signature, [the document] is not signed in the manner in which I have observed Bishop Scott sign his signature for over 30 years."

On March 3, 2023, Jimmy also filed a brief in support of his motion for a summary judgment. He argued that he had offered the testimony of two eyewitnesses to Willie's signature on the promissory note and that Jeanetta had merely offered speculative opinions that the signature on the promissory note was not Willie's. On March 7, 2023, the circuit court entered an order denying the motion for a summary judgment.

On July 18, 2023, with leave of the circuit court, Jimmy amended his complaint to allege as follows:

"1. [Jimmy] did loan to Willie C. Scott the sum of $25,000.00 on or about March 10, 2017.

"2. [Jimmy] did loan to Willie C. Scott the sum of $20,000.00 on or about October 18, 2017.

"3. [Jimmy] did loan to Willie C. Scott the sum of $22,000.00 on or about May 22, 2018.

"4. That said loans have not been repaid and are due."

On July 20, 2023, Jeanetta filed an answer to the amended complaint.

On September 20, 2023, Jimmy filed a renewed motion for a summary judgment. The circuit court conducted a hearing on the motion

on February 1, 2024, and it entered a summary judgment in favor of Jimmy on February 2, 2024.

On March 1, 2024, Jeanetta filed a motion to set aside the summary judgment in favor of Jimmy. On March 13, 2024, the circuit court denied the motion to set aside. This appeal followed.

## Standard of Review

"In order to enter a summary judgment, the trial court must determine (1) that there is no genuine issue of material fact and (2) that the moving party is entitled to a judgment as a matter of law. Rule 56, Ala. R. Civ. P. In order to defeat a defendant's properly supported motion for summary judgment, the plaintiff must present 'substantial evidence,' i.e., 'evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' West v. Founders Life Assurance Co. of Florida, 547 So. 2d 870, 871 (Ala. 1989). In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. Long v. Jefferson County, 623 So. 2d 1130, 1132 (Ala. 1993)."

Lyons v. Walker Reg'l Med. Ctr., 791 So. 2d 937, 939 (Ala. 2000).

## Discussion

Jeanetta argues that the circuit court erred in denying her motion to set aside the summary judgment in favor of Jimmy. As she did in that motion, she points out that she and Willie's former secretary submitted affidavits that countered Jimmy's original motion for a summary

8

judgment and stated that the signature on the promissory note was not Willie's. Jeanetta also points out, as she did in her motion, that a circuit court's function in ruling on a motion for a summary judgment is not to determine the credibility of witnesses but, instead, to determine whether there is a genuine issue of material fact for trial. Therefore, she concludes that this Court should reverse the circuit court's summary judgment in favor of Jimmy and remand this case for a trial on the merits. We agree with Jeanetta.

In its summary judgment in favor of Jimmy, the circuit court stated:

> "The fact in dispute is whether [Willie] signed and executed the promissory note pledging to repay a loan provided by the [Jimmy]. [Jimmy] presented three affidavits from three witnesses who personally witnessed [Willie] signing the promissory note. In response, [Willie's] estranged wife testified the signature did not appear to be [Willie's] signature.

> "Based on the testimony and evidence, the Court finds [Jeanetta] failed to provide substantial evidence creating a genuine issue of material fact. Upon due consideration of the evidence presented during the hearing and considering all matters raised in the filings, it is hereby … ORDERED, ADJUDGED, and DECREED … [that Jimmy's] motion for summary judgment is GRANTED…."

(Capitalization in original.)

In this case, as the circuit court noted in its summary judgment, the fact in dispute is whether Willie signed and executed the promissory note pledging to repay a loan provided by Jimmy. We agree with the circuit court's statement that that fact was in dispute. The circuit court went further and found that Jimmy had "presented three affidavits from three witnesses who personally witnessed [Willie] signing the promissory note," that Willie's "estranged wife testified the signature did not appear to be [Willie's] signature," and that Jeanetta had not presented substantial evidence that created a genuine issue of material fact. To make such findings, the circuit court would have had to have made the decision that Jimmy and his two witnesses were credible and that Jeanetta and her witness were not credible. However,

> "[i]t is well established that neither the trial court nor this Court may undertake credibility assessments in reviewing testimonial evidence submitted in favor of, and in opposition to, a motion for a summary judgment, whereas making such credibility assessments is one of the key functions of the trial jury. See, e.g., Scott v. Farnell, 775 So. 2d 789, 793 (Ala. 2000), and Camp v. Yeager, 601 So. 2d 924, 929 (Ala. 1992)."

Lyons v. Walker Reg'l Med. Ctr., 868 So. 2d 1071, 1077 (Ala. 2003). Also,

> "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a

10

motion for summary judgment or for a directed verdict. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. Adickes [v. S.H. Kress & Co.], 398 U.S. [144,] at 158-159 [(1970)]."

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

In this case, the circuit court improperly made credibility assessments in reviewing the testimonial evidence submitted in favor of, and in opposition to, the motion for a summary judgment. Because Jimmy presented affidavits stating that the signature on the promissory note was Willie's and Jeanetta presented contradictory affidavits stating that the signature on the promissory note was not Willie's, there was a genuine issue of material fact as to whether the signature on the promissory note was actually Willie's. Therefore, the circuit court improperly entered a summary judgment in favor of Jimmy.

## Conclusion

For the above-stated reasons, we reverse the circuit court's summary judgment in favor of Jimmy, and we remand this case to the circuit court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

Parker, C.J., and Mendheim, Stewart, Mitchell, and Cook, JJ., concur.

11

Shaw, J., dissents, with opinion.

Sellers, J., dissents.

SHAW, Justice (dissenting).

I respectfully dissent. Rule 28(a)(10), Ala. R. App. P., provides that the brief of the appellant shall include: "An argument containing the contentions of the appellant/petitioner with respect to the issues presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on." As this Court has noted, the rule "requires that arguments in briefs contain <u>discussions</u> of facts and relevant legal authorities that support the party's position. If they do not, the arguments are waived." <u>White Sands Grp., L.L.C. v. PRS II, LLC</u>, 998 So. 2d 1042, 1058 (Ala. 2008) (emphasis added). While I believe that the analysis of the main opinion is correct, I do not believe that the brief of the appellant, Jeanetta C. Scott, as administratrix of the Estate of Willie C. Scott, deceased, provides a sufficient discussion of that analysis for purposes of Rule 28(a)(10).